**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Darrell BACLAAN, Defendant–Appellant.**

**No. 91–10043.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 23, 1991.*

Decided Nov. 6, 1991.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Donna M. Gray, Asst. Federal Public Defender, Honolulu, Hawaii, for defendant-appellant.

Louis A. Bracco, Asst. U.S. Atty., Honolulu, Hawaii, for plaintiff-appellee.

Before SNEED, HUG, and LEAVY, Circuit Judges.

PER CURIAM:

Darrell Baclaan appeals the district court's order imposing a sentence of two years imprisonment upon the revocation of his supervised release. He contends that the court erroneously found that he "possessed" methamphetamine within the meaning of 18 U.S.C. § 3583(g). He also contends that, pursuant to U.S.S.G. § 7B1.4(b)(2), a policy statement, the district court should have sentenced him to a one-year term of imprisonment. We have jurisdiction under 28 U.S.C. § 1291 and we affirm the district court's finding that Baclaan "possessed" methamphetamine under 18 U.S.C. § 3583(g). We vacate the sentence and remand for resentencing with instructions for the district court to consider U.S.S.G. § 7B1.4(b)(2) during resentencing.

Baclaan pleaded guilty to distributing crystal methamphetamine and was sentenced to twelve months imprisonment and three years supervised release. As special conditions of his supervised release, Baclaan was required to participate in a substance abuse program and submit to periodic drug testing. Baclaan served the prison term and began his supervised release on August 16, 1990.

On November 21, 1990, Baclaan's probation officer filed a Petition for Supervised Release Revocation alleging that Baclaan had tested positive for drugs on four occasions, admitted smoking crystal methamphetamine, failed to report for scheduled appointments to submit urine specimens and failed to report to the Probation Office as required.

On January 8, 1991, following an evidentiary hearing, the district court revoked Baclaan's supervised release and sentenced him to two years imprisonment with a specific recommendation that he participate in an intensive drug rehabilitation program while serving his term.

In sentencing Baclaan to two years imprisonment, the district court applied the following rationale:

The court first held that Baclaan "possessed" drugs within the meaning of 18

U.S.C. § 3583(g), which requires the court to terminate supervised release and impose a prison term of not less than one-third the term of supervised release (here, one year) if the defendant is found to be in the possession of a controlled substance. The court found that U.S.S.G. § 7B1.4(a), a policy statement which sets forth terms of imprisonment upon revocation of supervised release, mandated a prison term of 4 to 10 months. Pursuant to *United States v. Sharp*, 883 F.2d 829 (9th Cir.1989), which provides that when a statute requires a sentence different from that established by the guidelines, the statute controls, the court determined that it should disregard the guidelines and follow 18 U.S.C. § 3583(g). Finally, the court found that section 3583(g)'s one-year minimum term of imprisonment was inadequate due to Baclaan's drug dependence and the danger he presented to society, and sentenced him to two years imprisonment.

### I. Application of 18 U.S.C. § 3583(g)

Baclaan challenges the district court's finding that his positive urine tests and admission to methamphetamine sufficient constituted "possession" of methamphetamine within the meaning of 18 U.S.C. § 3583(g).

We review findings of fact underlying a sentencing determination for clear error. *United States v. Burns*, 894 F.2d 334, 336 (9th Cir.1990).

Baclaan correctly points out that Congress did not define the term "possession." The Sentencing Commission, however, explicitly gave the courts discretion to determine whether positive drug tests constitute "possession." Application Note 5 to U.S.S.G. § 7B1.4 provides: "The Commission leaves to the court the determination of whether evidence of drug usage established solely by laboratory analysis constitutes 'possession of a controlled substance' as set forth in 18 U.S.C. §§ 3565(a) and 3583(g)."

Baclaan conceded at the probation revocation hearing that he had tested positive for drugs on four occasions within three months of his release from prison. Baclaan also admitted to his probation officer that he had used crystal methamphetamine on two occasions. Based on this evidence, we find that the district court properly determined that Baclaan "possessed" methamphetamine within the meaning of section 3583(g). *See United States v. Blackston*, 940 F.2d 877, 891 (3d Cir.1991) (defendant's three positive urine samples and admission of drug use was circumstantial evidence of possession of a controlled substance under section 3583(g)); *United States v. Oliver*, 931 F.2d 463, 465 (8th Cir.1991) (section 3583(g) controlled the district court's sentencing decision where district court found that defendant possessed drugs on the basis of positive drug tests); *United States v. Ramos–Santiago*, 925 F.2d 15, 18 (1st Cir.1991) (upholding district court's sentence under section 3583(g) where defendant admitted having tested positive for drugs on sixteen different occasions during his supervised release); *United States v. Kindred*, 918 F.2d 485, 487 n. 3 (5th Cir.1990) (defendant faced the mandatory minimum term set forth in section 3583(g) because "[k]nowing use of drugs is akin to possession").

### II. U.S.S.G. § 7B1.4(b)(2) (Policy Statement)

Baclaan contends that the district court should have sentenced him to section 3583's mandatory minimum term of one-third of the term of supervised release, or one year, pursuant to U.S.S.G. § 7B1.4(b)(2).[1]

We review de novo the district court's construction and interpretation of the guidelines. *United States v. Carvajal*, 905 F.2d 1292, 1294 (9th Cir.1990). The court must provide specific reasons for im-

---

1. The government argues that the district court was not required to follow section 7B1.4 because the dates of the offense of conviction and each positive urine test predate the effective date of the policy statement, November 1, 1990. However, the applicable policy statements are those which are in effect on the date of sentencing. *See* 18 U.S.C. § 3553(a)(5). Baclaan was sentenced on December 27, 1990; hence, section 7B1.4 applies.

posing a particular sentence after revocation of supervised release. *United States v. Lockard,* 910 F.2d 542, 543 (9th Cir. 1990).

Section 7B1.4(b)(2), a policy statement, provides:

> Where the minimum term of imprisonment required by statute, if any, is greater than the maximum of the applicable range, the minimum term of imprisonment required by the statute shall be substituted for the applicable range.

■ The maximum term of imprisonment of the applicable guidelines range, set forth in U.S.S.G. § 7B1.4(a), is ten months.[2] Because the minimum one-year term of imprisonment required by section 3583(g) is greater than ten months, it is substituted for the applicable guidelines range. *See* U.S.S.G. § 7B1.4(b)(2).

In imposing a sentence, the district court is required to consider "any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a)(2) that is in effect on the date the defendant is sentenced." 18 U.S.C. § 3553(a)(5); *see also United States v. Anderson,* 942 F.2d 606, 610 n. 4 (9th Cir. 1991) (en banc) (noting requirement that district court must consider pertinent policy statements).

The district judge's comments at the sentencing hearing demonstrate that he did not consider U.S.S.G. § 7B1.4(b)(2) in sentencing Baclaan. The judge found that because the four to ten-month term mandated by section 7B1.4(a) conflicted with the minimum term mandated by 18 U.S.C. § 3583(g), he was bound to apply the statute. Because section 7B1.4(b)(2) in fact mandates a prison term of one year, no conflict exists between the guidelines range and section 3583(g).

Accordingly, the sentence is vacated and the case is remanded for resentencing with instructions for the district court to consider U.S.S.G. § 7B1.4(b)(2) on resentencing.[3]

SENTENCE VACATED; REMANDED FOR RESENTENCING.

---

2. Baclaan has a criminal history category of II and his violations of the conditions of supervised release are Grade C violations. *See* U.S.S.G. § 7B1.1 (Grade C violations include "conduct constituting ... (B) a violation of any other condition of supervision"). Pursuant to the revocation table set forth in U.S.S.G. § 7B1.4(a), the applicable guidelines range would be four to ten months.

3. Baclaan also asserts that the district court erroneously considered his drug dependence in determining the length of his sentence. Because the district court did not consider policy statement 7B1.4(b)(2) requires us to remand for resentencing, it is unnecessary for us to address this issue. We note, however, that pursuant to U.S.S.G. § 5H1.4, drug dependence "... is not ordinarily relevant in determining whether a sentence should be outside the guidelines or where within the guidelines a sentence should fall."