974 F.2d 1339
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Larry W. WITT, Defendant-Appellant.
 No. 91-6301.
 United States Court of Appeals, Sixth Circuit.
 Aug. 24, 1992.
 
 Before DAVID A. NELSON, ALAN E. NORRIS and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is a criminal case in which the defendant appeals from a district court order revoking his supervised release. The defendant argues that the revocation was not supported by sufficient evidence and that the reasons for it were not properly articulated. We do not find the defendant's arguments persuasive, and we shall affirm the revocation order.
 
 
 2
 * The defendant, Larry W. Witt, was convicted in the United States District Court for the Eastern District of Michigan on a charge of possessing and passing a counterfeit $100 federal reserve note in violation of 18 U.S.C. § 472. In January of 1991 he received a sentence of imprisonment for time he had already served and three years of supervised release. One of the conditions of the defendant's supervised release was that he "shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances...."
 
 
 3
 Responsibility for administering the supervised release was transferred, soon after the sentence was imposed, to the Eastern District of Tennessee. In August of 1991, following the transfer, the Metro Narcotics Unit of the Knoxville, Tennessee, Police Department executed a search warrant at the apartment of a suspected drug dealer. The telephone rang while the authorities were searching the residence, and one of the officers answered the phone. The caller identified himself as "Bootnose" and asked to speak to "Elly." The officer said that Elly had stepped out for a few minutes and that the caller should come over to the apartment and wait for her. "Bootnose" declined, saying that she was supposed to come and meet him; that he was using a pay phone in a parking lot of a nearby shopping center; and that he wanted to remain on the line to give the appearance of being involved in a legitimate conversation in order to avoid police detection. (He thought the police would check on him if he just waited in his car in the parking lot.) The officer pretended that someone was at the door and told "Bootnose" that he had to hang up.
 
 
 4
 Some of the police officers then went to the area where "Bootnose" said that he was using the pay phone. The officers, who were aware that Witt used the name "Boot" or "Bootnose," spotted him at a pay phone at a shopping center approximately two miles from the apartment.
 
 
 5
 The officers at the apartment, who kept in communication with their colleagues by radio, reported that the phone was ringing again. When Witt saw the officers, he hung up the phone; the officers at the residence reported that the phone stopped ringing then.
 
 
 6
 The police approached Witt, asked him to step away from the pay phone, and patted him down. They found on his person a quantity of cash, a straw of a type used for inhaling cocaine, and a tenth of a gram of cocaine. Witt was taken into custody on a misdemeanor drug charge. (We are told that the charge was subsequently dropped.)
 
 
 7
 Daniel L. Curry, Witt's probation officer, heard of the arrest on the radio while en route to work and received a call from Witt about it later in the day. Mr. Curry directed Witt to submit a urine specimen for a drug screen. The specimen tested positive for cocaine. Curry directed Witt to provide another specimen a week later; it too tested positive for cocaine.
 
 
 8
 Witt denied having used cocaine and proposed having an independent test conducted at a hospital. The probation officer said that a further test would not be helpful, and he filed a petition for revocation of Witt's supervised release.
 
 
 9
 After a hearing on the petition, and based on the two positive drug tests, the district court found that Witt had violated the conditions of his supervised release. The court ordered that he be imprisoned for one year in a facility where he would receive drug counseling. This appeal followed.
 
 II
 
 10
 An appellate court must accord considerable deference to a district court's determination that a condition of supervised release has been violated. United States v. Stephenson, 928 F.2d 728, 732 (6th Cir.1991). Under the deferential standard applicable in review of such determinations, we cannot say that the district court erred here.
 
 
 11
 There was ample evidence that Witt possessed cocaine. The testimony presented at the revocation hearing showed that the police found a tenth of a gram on his person, along with money and drug paraphernalia; that he was attempting to purchase more of the substance; and that he tested positive for the use of cocaine on two separate occasions. Whether Witt had a chronic drug use problem is immaterial; he was not supposed to possess or use controlled substances at all.
 
 
 12
 Witt's possession of a controlled substance required termination of the supervised release. See 18 U.S.C. § 3583(g), which provides as follows:
 
 
 13
 "If the defendant is found by the court to be in the possession of a controlled substance, the court shall terminate the term of supervised release and require the defendant to serve in prison not less than one-third of the term of supervised release."
 
 
 14
 Witt also contends that the district court failed to make the requisite specific finding as to why revocation of the supervised release was necessary. See Stephenson, 928 F.2d at 733 (due process requires the district court to state in writing its reasons for revoking supervised release and the evidence relied on). The contention is without merit; the record clearly shows that the court revoked the supervised release on the basis of the two positive drug tests. The written transcript of the hearing constitutes an adequate memorialization of the fact that the supervised release was being revoked because of the evidence of the positive tests.
 
 
 15
 AFFIRMED.