USCA1 Opinion

 

 April 13, 1993 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________ No. 91-1829 UNITED STATES, Appellee, v. GLENN DEREK DOW, a/k/a GLENN DERRICK DOW, Defendant, Appellant. ____________ ERRATA SHEET The opinion of this court issued on April 5, 1993, is amended as follows: On page 5, line 7: "ingenuous" should read "ingenious". April 7, 1993 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 91-1829 UNITED STATES, Appellee, v. GLENN DEREK DOW, a/k/a GLENN DERRICK DOW, Defendant, Appellant. ____________________ ERRATA SHEET The opinion of Court issued on April 5, 1993, is amended as follows: On page 5, the first line delete the "47" included in the citation " 473583". April 5, 1993 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 91-1829 UNITED STATES, Appellee, v. GLENN DEREK DOW, a/k/a GLENN DERRICK DOW, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Gene Carter, U.S. District Judge] ___________________ ____________________ Before Torruella, Circuit Judge, _____________ Brown* and Bownes, Senior Circuit Judges. _____________________ ____________________ Roger A. Cox, by Appointment of the Court, for appellant. ____________ Margaret D. McGaughey, Assistant United States Attorney, with ______________________ whom Richard S. Cohen, United States Attorney, Jonathan R. Chapman, _________________ ____________________ Assistant United States Attorney, and Raymond C. Hurley, Assistant __________________ United States Attorney, were on brief, for appellee. ____________________ April 5, 1993 ____________________ ____________________ *Of the Fifth Circuit, sitting by designation. Judge Brown heard oral argument in this matter, and participated in the semble, but did not participate in the drafting or the issuance of the panel's opinion. The remaining two panelists therefore issue this opinion pursuant to 28 U.S.C. 46(d). BOWNES, Senior Circuit Judge. The issue in this BOWNES, Senior Circuit Judge. _____________________ case is whether the district court erred in sentencing defendant for a violation of one of the conditions of his supervised release under 18 U.S.C. 3583(g), which provides: (g) Possession of controlled substances. If the defendant is found by the court to be in the possession of a controlled substance, the court shall terminate the term of supervised release and require the defendant to serve in prison not less than one-third of the term of supervised release. I. I. Factual Context Factual Context _______________ Defendant-appellant Glenn Derek Dow was sentenced on drug charges in April of 1989 to imprisonment for a term of sixteen months to be followed by a six-year term of supervised release. One of the conditions of supervised release was that Dow "shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, except as prescribed by a physician." In June of 1991, the probation office sought revocation of Dow's supervised release because eleven urine tests proved positive for the use of marijuana.1 At the revocation hearing before the district court on July 19, 1991, Dow was represented by counsel. After being fully ____________________ 1 The probation office alleged two other violations, but they are not issues on this appeal. -6- advised of his rights Dow pled guilty to violation of the supervised release condition. His counsel advised the court that she concurred in defendant's decision to plead guilty. No reservations or qualifications were made a part of the plea. At the subsequent sentencing hearing, the district court found and ruled as follows: The Court further finds on the evidence that this defendant has been in possession of a controlled substance, to wit, marijuana, within the meaning of 18 U.S.C. section 3583(g) during the period of supervised release. The Court concludes that defendant is subject to a minimum sentence of 2 years of incarceration, see 18 U.S.C. Section 3583(g), and a maximum term of three years, see 18 U.S.C. 3583(e)(3). The Court concludes that the applicable guideline range under the applicable guideline pursuant to section 7B1.4(a) is 4 to 10 months. The Court further concludes that the statutory command of 3583(g) controls in this case and mandates a minimum term of incarceration of two years. II. II. Discussion Discussion __________ Dow's only contention on appeal is that the use or consumption of marijuana, evidenced solely by laboratory analysis of urine samples, did not constitute "possession" of marijuana within the meaning of 18 U.S.C. 3583(g). We point out first that Dow pled guilty, without reservation or -7- qualification, to violating his supervised release condition that he "shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance. . . . " In light of his guilty plea, which was voluntary, knowing and made with advice of counsel, we do not see how Dow can now deny that he was not "in the possession of a controlled substance," as stated in 3583(g). Dow did not, as his brief implies, limit his plea to accepting the results of the laboratory analyses of his urine samples. His guilty plea admitted the possession and use of a narcotic or controlled substance. That is sufficient to trigger the sentencing mandate of 18 U.S.C. 3583(g). We proceed, nonetheless, to a full discussion of defendant's argument. Dow first points out that Sentencing Guideline 7B1.4 prescribes a sentence of four to ten months for an offender such as himself, who has committed grade C violations of his supervised release and has a criminal history category of II. This is, of course, shorter than the two-year sentence mandated by 18 U.S.C. 3583(g) (one-third of Dow's supervised release term of six years). Defendant's main argument is that a study of 18 U.S.C. 3583(d) and 18 U.S.C. 3563(b)(8) shows that Congress made a sharp distinction between use or consumption -8- of a drug and possession of that drug.2 We find nothing in the wording of 3583(d) or 3563(b)(8) that even suggests such a distinction. Dow attempts to buttress his argument by invoking "policy reasoning": a defendant possessing a controlled substance can cause considerable social harm by selling or otherwise distributing drugs in her/his possession to others; "use" alone, however, limits the direct harm to the defendant alone. This is an ingenious argument, but it is spun out of whole cloth. There is no basis for it in the wording of the statute or its legislative history. Nor do we think that the Senate's rejection of a proposed draft of 3583(g), which would have required a defendant to serve a prison term of not less than one-third of the term of supervised release if he/she tested positive for use of ____________________ 2 18 U.S.C. 3583(d) provides in pertinent part: (d) Conditions of supervised release. The (d) Conditions of supervised release. court shall order, as an explicit condition of supervised release, that the defendant not commit another Federal, State, or local crime during the term of supervision and that the defendant not possess illegal controlled substances. Under 18 U.S.C. 3563(b)(8), a court may, as a condition of sentence, order a defendant to: (8) refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802), without a prescription by a licensed medical practitioner; -9- controlled substances after three separate urine tests, affords any footing for appellant's argument. His "policy reasoning" should be directed to the Congress. We find no ambiguity in the statute and thus reject defendant's plea for application of the rule of lenity. We do not stand alone in our rejection of Dow's argument. His contention has been rejected by all federal courts of appeal that have considered it. See United States ___ _____________ v. Baclaan, 948 F.2d 628, 630 (9th Cir. 1991) (upholding _______ district court's finding that defendant possessed drugs within meaning of section 3583(g) based on defendant's admission of use and four positive laboratory test results); United States v. Blackston, 940 F.2d 877 (3rd Cir.), cert. _____________ _________ _____ denied, 112 S. Ct. 611 (1991) (defendant's admission of drug ______ use and three positive urine samples constituted possession for purposes of section 3583(g)) (includes a thorough examination of section 3583(g), its legislative history, and the treatment of the attendant use/possession issue in federal and state courts); United States v. Oliver, 931 F.2d _____________ ______ 463, 465 (8th Cir. 1991) (district court properly sentenced defendant under section 3583(g) upon a finding, based on numerous positive test results, that defendant possessed a controlled substance); United States v. Kindred, 918 F.2d ______________ _______ 485, 487 n.3 (5th Cir. 1990) (in upholding defendant's supervised release revocation and sentencing under section -10- 3583(g) without direct evidence of physical possession court assumed "[k]nowing use of drugs is akin to possession"); United States v. Dillard, 910 F.2d 461, 464 n.3 (7th Cir. _____________ _______ 1990) ("Knowing use of cocaine, which [the defendant] admitted to here, requires possession, even if only momentarily;" affirmed revocation of supervised release based in part upon defendant's admission of use and confirmatory laboratory test results). Finally, there can be no doubt that when there is a conflict between what the sentencing guidelines provide and what a statute requires, the statute controls. We recently joined every circuit that addressed this matter "in concluding that the sentencing guidelines adopt, rather than replace, a statutory minimum sentence." United States v. ______________ Rodriguez, 938 F.2d 319, 320 (1st Cir. 1991) (citing cases _________ from the circuits). See also United States v. Clark, 956 ___ ____ _____________ _____ F.2d 1176, 1178 (D.C. Cir. 1992) ("the Guidelines do not apply without the statutory fetter [congressionally mandated minimum sentences]"). See also U.S.S.G. 5G1.1. ___ ____ The sentence of the district court is Affirmed. Affirmed. _________ -11-