15 F.3d 1093
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
York C. LOWTHER, Defendant-Appellant.
 No. 93-30143.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 18, 1994.*
Decided Jan. 25, 1994.
 
 Before: REINHARDT, O'SCANNLAIN and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 York C. Lowther appeals the district court's revocation of his supervised release and imposition of a twenty-month sentence for possession of a controlled substance in violation of 18 U.S.C. Sec. 3583(g). Lowther contends the urinalysis test results indicating the presence of cocaine in his system were insufficient to support a finding that he possessed a controlled substance in violation of his supervised release. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review de novo the district court's application of the supervised release statutes. United States v. Lockard, 910 F.2d 542, 543 (9th Cir.1990). We review findings of fact underlying a sentencing determination for clear error. United States v. Baclaan, 948 F.2d 628, 630 (9th Cir.1991).
 
 
 4
 If the district court finds that a defendant is in possession of a controlled substance during his supervised release, "the court shall terminate the term of supervised release and require the defendant to serve in prison not less than one-third of the term of supervised release." 18 U.S.C. Sec. 3583(g). A defendant's positive drug tests and his admission that he used drugs are sufficient to support a finding that he "possessed" a controlled substance within the meaning of 18 U.S.C. Sec. 3583(g). Id.
 
 
 5
 On September 4, 1992, Lowther began his five-year term of supervised release. On September 8, 1992, Lowther admitted to his probation officer that he had used cocaine the previous day and this was confirmed by a urinalysis test result showing the presence of cocaine. On February 8, 1993, Lowther again tested positive for cocaine. On February 24, 1993, Lowther failed to appear for a scheduled urinalysis test. The Government thereafter filed a petition for Lowther's violation of his supervised release, and Lowther was arrested and brought before the district court. At the revocation of supervised release hearing, Lowther admitted that he had snorted cocaine and did not challenge the accuracy of the prior urinalysis test results. The district court sentenced Lowther to twenty-months' imprisonment, one-third of his five-year term of supervised release.
 
 
 6
 Because Lowther twice tested positive for the presence of cocaine and admitted to the district court and probation officer that he used cocaine, sufficient evidence existed to support the finding that Lowther "possessed" a controlled substance in violation of 18 U.S.C. Sec. 3583(g). See 18 U.S.C. Sec. 3583(g); Baclaan, 948 F.2d at 630.
 
 
 7
 Lowther further contends the district court erred by imposing a statutory term of imprisonment under section 3583(5), rather than a sentence within the applicable Guidelines range. We decline to address this contention because Lowther's opening brief does not contain any argument, case citation, or statutes to support this contention. See American Int'l Enters., Inc. v. F.D.I.C., 3 F.3d 1263, 1266 n. 5 (1993) ("Issues raised in the brief that are not supported by argument are deemed abandoned."); see also Fed.R.App.P. 28(a)(5).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3