UNITED STATES of America,
Plaintiff–Appellee,

v.

Frank CONTREREZ, Defendant–
Appellant.

No. 94–10186.

United States Court of Appeals,
Fifth Circuit.

June 14, 1994.

John F. Carroll, Asst. Federal Public Defender and Ira R. Kirkendoll, Federal Public Defender, Dallas, TX, for appellant.

Phillip C. Umphres, Asst. U.S. Atty. and Paul E. Coggins, U.S. Atty., Dallas, TX, for appellee.

Before REYNALDO G. GARZA and DEMOSS, Circuit Judges, and PARKER, District Judge *.

REYNALDO G. GARZA, Circuit Judge:

On September 10, 1992, the appellant Frank Contrerez was charged with various allegations of mail and wire fraud in violation of 18 U.S.C. §§ 1341, 1343, and 2, and with conducting and attempting to conduct financial transactions involving one or more monetary instruments affecting interstate commerce in violation of 18 U.S.C. §§ 1341 and 1343. On November 18, 1992, Contrerez waived indictment and pled guilty to a one count information charging him with misprision of a felony in accordance with a plea agreement. On January 27, 1993, Judge Solis sentenced Contrerez to three years probation and a $50 mandatory special assessment.

On January 25, 1994, Contrerez was arrested for violating conditions of his probation, including the possession of controlled substances that was detected by a urinalysis test. On February 9, 1994, a probation revocation hearing [1] was held and Contrerez pled true to the alleged violations of the conditions of his probation. Contrerez's probation was revoked pursuant to 18 U.S.C. § 3565(a), which provides in relevant part:

---

* Chief Judge of the Eastern District of Texas, sitting by designation.

1. At a revocation hearing, in contrast to a full-scale criminal trial, the matter is tried to the court instead of a jury. The standard of proof is less stringent than the reasonable doubt standard applicable to criminal prosecutions. *See* 18 U.S.C. § 3565(a); Fed.R.Crim.P. 32.1; *United States v. Granderson*, —— U.S. ——, —— n. 6, 114 S.Ct. 1259, 1264 n. 6, 127 L.Ed.2d 611 (1994).

[I]f a defendant is found by the court to be in possession of a controlled substance, thereby violating the condition imposed by section 3563(a)(3), the court shall revoke the sentence of probation and sentence the defendant to not less than one-third of the *original sentence.* (emphasis added).

Contrerez was sentenced to a term of imprisonment corresponding to twelve months—one-third of the length of Contrerez's term of probation (which was three years)—and one year supervised release.

■ Contrerez appeals his revocation sentence, arguing that the district court erroneously used his actual term of probation imposed, rather than the potential imprisonment range for his original offense provided for under the guidelines, as his "original sentence" as used in 18 U.S.C. § 3565(a).

On March 22, 1994, the United States Supreme Court held in *United States v. Granderson,* —— U.S. ——, —— – ——, 114 S.Ct. 1259, 1264–65, 127 L.Ed.2d 611 (1994), that under 18 U.S.C. § 3565(a), "original sentence" refers to the potential imprisonment range under the applicable guidelines and not to the actual term of probation revoked. The government concedes that *Granderson* controls this issue.

■ The presentence investigation report that was prepared for Contrerez's calculated his imprisonment range for misprision of felony to be 0–6 months, based on an offense level 4 with a criminal history category I. The minimum sentence mandated by section 3565(a) is one-third of 6 months, or 2 months. The maximum sentence of confinement that can be imposed by the District Court upon remand in this case is 6 months.[2] *See Granderson,* —— U.S. at ——, 114 S.Ct. at 1269; *United States v. Penn,* 17 F.3d 70, 71 (4th Cir.1994) (holding that since defendant's original sentence could not have exceeded twelve months, defendant's revocation sentence was required to be not less than four months and not more than 12 months).

We therefore remand for resentencing in conformity with this opinion.

REVERSED AND REMANDED.

---

2. The government refers us to Guideline policy statement § 7B1.1 which provides that conduct in violation of any condition of supervision is a "Grade C" probation violation. Section 7B1.1 in turn provides that for a Grade C probation violation, for a defendant with an original criminal history category of I, the sentencing range for the probation violation offense is 3–9 months. The government suggests that the maximum revocation sentence could be 9 months. Since it was apparently the district court's intent to sentence Contrerez at the lower end of the punishment range, but mistakenly used the probation period instead of the potential imprisonment range under applicable guidelines, we do not feel compelled to resolve this issue presently. However, we note that although the policy statements must be considered prior to sentencing, *see United States v. Baclaan,* 948 F.2d 628, 631 (9th Cir. 1991), they are not binding on the sentencing court, especially when they are in conflict with statutory provisions. *United States v. Forrester,* 19 F.3d 482, 484 (9th Cir.1994).