42 F.3d 1403
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mary Jean MARQUEZ, Defendant-Appellant.
 No. 94-50046.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 7, 1994.
Decided Dec. 7, 1994.
 
 1
 Before: WALLACE, REINHARDT, and BRUNETTI, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 FACTS AND PROCEEDINGS BELOW
 
 3
 Defendant/Appellant in this action, Mary Jean Marquez (Marquez), pleaded guilty to importing marijuana, in violation of 21 U.S.C. Secs. 952, 960. Although the applicable Guideline range at the time of Marquez's initial sentencing was 18 to 24 months' custody, the district court sentenced Marquez to three years' probation. Thereafter, Marquez admitted violation of probation. Section 7B1.4 of the United States Sentencing Guidelines provided a range of 15 to 21 months' custody for Marquez's probation violation grade and criminal history level. The district court sentenced Marquez to 24 months' custody, three months more than provided for by the Guidelines' policy statement. The district court did not provide specific reasons for the longer sentence. Marquez appealed. On the government's motion, we issued an order vacating Marquez's sentence and remanded to the district court for further sentencing proceedings.
 
 
 4
 The district court reimposed the same sentence, 24 months' custody. It reasoned that 18 U.S.C. Sec. 3565(a)(2) authorized it to impose a sentence that was available at the time of the initial sentencing.[1] The district court maintained that, because the sentence was authorized by statute, the 24 month sentence was not a departure and did not require explanation. Marquez appeals that sentence and we affirm.
 
 DISCUSSION
 
 5
 We have recognized that because Section 7B1.4 of the Guidelines and 18 U.S.C. Sec. 3565(a)(2) are in conflict, the statute controls. United States v. Forrester, 19 F.3d 482, 484 (9th Cir.1994). The district court was authorized by 18 U.S.C. Sec. 3565(a)(2) to impose any sentence available at the time of initial sentencing and a sentence of 24 months' imprisonment was available at that time. Thus, it was not error for the district court to sentence Marquez to 24 months' imprisonment.
 
 
 6
 However, in Forrester, we directed that, even where there is a conflict, a court must "consider" the pertinent policy statement. Id. at 484 (citing United States v. Baclaan, 948 F.2d 628, 631 (9th Cir.1991)). In the instant case, the district court was fully aware of the pertinent Chapter 7 policy provision, and explained at length the conflict between that provision and the statute. As in Forrester, the district court noted that, under the guidelines, it could depart upward, but that it chose to reject the guideline in favor of its statutory authority. The district judge explained his decision by pointing out that he would, in essence, enable the defendant to profit from her own wrongs by following the Policy Statement instead of adhering to the statutory guidelines. As the district judge noted, if he followed the Policy Statement the defendant would serve less prison time after committing a crime during probation than she would originally have received if probation had not been granted. We hold that such "consideration" is adequate under Forrester. Id.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3
 
 
 [1]
 18 U.S.C. Sec. 3565 provides in pertinent part: (a) Continuation or revocation--If the defendant violates a condition of probation at any time prior to the expiration or termination or the term of probation, the court may ... (2) revoke the sentence of probation and impose any other sentence that was available under subchapter A at the time of the initial sentencing