UNITED STATES of America,
Plaintiff–Appellant,

v.

Teresa A. HANCOX, Defendant–Appellee.

No. 94–5536.

United States Court of Appeals,
Sixth Circuit.

Submitted Jan. 23, 1995.

Decided March 13, 1995.

Randy W. Ream (briefed), and Terry Cushing, Asst. U.S. Attys., Office of the U.S. Atty., Louisville, KY, for plaintiff-appellant.

---

4. *See* Samuel Goldwyn ("A verbal contract isn't worth the paper it's written on") (attributed).

C. Fred Partin (briefed); and Barbara M. Gunther, C. Fred Partin & Associates, Louisville, KY, for defendant-appellee.

Before: RYAN and SILER, Circuit Judges; MILES, District Judge.*

RYAN, Circuit Judge.

The United States of America appeals the district court's order denying its motion for revocation of the defendant's supervised release. We are asked to determine whether the district court erred when it refused to revoke the defendant's term of supervised release. We conclude that the district court erred and reverse and remand the case for resentencing.

## I.

In 1992, the defendant pleaded guilty to fourteen counts of bank fraud. The district court sentenced Teresa Hancox to one month in prison followed by a period of three months home detention followed by a five-year term of supervised release. The supervised release was subject to the condition that the defendant "shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician."

During the defendant's supervised release, she was directed to participate in a drug program at the Wellness Institute in Louisville, Kentucky. The Wellness Institute took a number of urine specimens from the defendant, all of which returned a positive test result for the presence of narcotics. The defendant tested positive once for the presence of benzodiazepine, and three times for the presence of cocaine.

A warrant was issued for the defendant's arrest and probation revocation proceedings took place on March 16, 1994. Hancox admitted to ingesting benzodiazepine and smoking cocaine on numerous occasions. The district court stated that it was uncontroverted that the defendant possessed con-

trolled substances on numerous occasions; however, the court elected not to revoke the defendant's supervised release. The court noted the defendant's progress since being admitted to an in-patient program after her arrest and stated:

I prefer at this point to give you the opportunity to continue your recovery and your attempt at helping yourself get out of the rut that I have heard you testify that you are in, and I just don't see that the best interest of you or society as a whole would be served by putting you back in jail. That might have a tendency to derail you from the track that you hopefully are on in this matter.

For these reasons, the court ordered the defendant's supervised release to continue.

## II.

18 U.S.C. § 3583(d) (Supp.1994) provides, in pertinent part:

(d) **Conditions of supervised release.**—The court shall order, as an explicit condition of supervised release ... that the defendant not possess illegal controlled substances.

18 U.S.C. 3583(g) (Supp.1994) provides:

(g) **Possession of controlled substances.**—If the defendant is found by the court to be in the possession of a controlled substance, the court *shall* terminate the term of supervised release and require the defendant to serve in prison not less than one-third of the term of supervised release.

(Emphasis added.)

■ Although the evidence revealed only that Hancox "used" controlled substances during her supervised released rather than "possessed" them, this circuit, as well as many others, has held that, for purposes of 18 U.S.C. 3583(g), "use" of a controlled substance constitutes "possession" of the substance.

In *United States v. Pettigrew*, Nos. 92–6221/6222, 1993 WL 322667, 1993 U.S.App. LEXIS 21689 (6th Cir. Aug. 24, 1993) (un-

* The Honorable Wendell A. Miles, United States District Judge for the Western District of Michi-

gan, sitting by designation.

published disposition), we held that "use" constitutes "possession," reasoning that

> the flexibility under application note 5 to U.S.S.G. section 7B1.4, p.s., [permits the court] to infer possession from laboratory analysis ("The Commission leaves to the court the determination of whether evidence of drug usage established solely by laboratory analysis constitutes 'possession of a controlled substance' ...") ... Moreover, defendant's admitted use of drugs necessarily required possession, unless the admitted drug usage was involuntary or accidental....

*Id.* at * 3, 1993 U.S.App. LEXIS at * 6–7.

The First, Third, Fifth, Seventh, Eighth, Ninth, and Tenth Circuits have also held that "use" of controlled substances constitutes "possession" for purposes of 18 U.S.C. § 3583. *See United States v. McAfee*, 998 F.2d 835 (10th Cir.1993); *United States v. Dow*, 990 F.2d 22 (1st Cir.1993); *United States v. Rockwell*, 984 F.2d 1112 (10th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 2945, 124 L.Ed.2d 693 (1993); *United States v. Courtney*, 979 F.2d 45 (5th Cir.1992); *United States v. Baclaan*, 948 F.2d 628 (9th Cir. 1991); *United States v. Blackston*, 940 F.2d 877 (3d Cir.), *cert. denied*, 502 U.S. 992, 112 S.Ct. 611, 116 L.Ed.2d 634 (1991); *United States v. Oliver*, 931 F.2d 463 (8th Cir.1991); and *United States v. Dillard*, 910 F.2d 461 (7th Cir.1990).

The First Circuit in *Dow*, 990 F.2d 22, the Ninth Circuit in *Baclaan*, 948 F.2d 628, the Third Circuit in *Blackston*, 940 F.2d 877, and the Eighth Circuit in *Oliver*, 931 F.2d 463, specifically held that a defendant's positive laboratory tests for narcotics constitutes "possession" under 18 U.S.C. § 3583.

In *United States v. Witt*, No. 91–6301, 1992 WL 205663, 1992 U.S.App. LEXIS 20756 (6th Cir. Aug. 24, 1992) (unpublished disposition), this court stated that under 18 U.S.C. § 3583(g) the defendant's "possession of a controlled substance *required* termination of the supervised release." *Id.* at * 2, 1992 U.S.App. LEXIS at * 5 (emphasis added).

■ The facts in this case are undisputed; the defendant readily admitted to consuming controlled substances on numerous occasions

during her supervised release in violation of that release. Consequently, pursuant to 18 U.S.C. § 3583, the district court was *required* to revoke Hancox's supervised release and to sentence her to twenty months in prison. Twenty months is one-third of her supervised release term of five years or sixty months. The district court had no discretion to disregard the mandate of the statute.

Therefore, the sentence is **VACATED** and the case is **REMANDED** for resentencing.