53 F.3d 341
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff/Appellee,
v.
Todd M. WILLIAMS, Defendant/Appellant.
 No. 94-10319.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 17, 1995.
Decided April 14, 1995.
 
 Before: GOODWIN, CANBY, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Todd M. Williams appeals the revocation of his supervised release and the imposition of a twenty-four month sentence of incarceration. He contends that the Government failed to produce enough evidence to show that he had knowledge of his duty to update his registration as a sex offender. He further contends that there was insufficient evidence produced to prove that he committed sex offenses, and that the district court erroneously admitted evidence, which was only appropriate for sentencing purposes, at the revocation hearing. We have jurisdiction under 28 U.S.C. Sec. 1291.
 
 
 3
 We review de novo the district court's application of the supervised release statutes. See United States v. Lockard, 910 F.2d 542, 543 (9th Cir.1990). Findings of fact underlying a sentencing determination, however, are reviewed for clear error. United States v. Baclaan, 948 F.2d 628, 630 (9th Cir.1991). We VACATE and REMAND for further proceedings in accordance with this memorandum.
 
 
 4
 We find no error in the district court's admission of the challenged evidence as the record is clear that the admission was made solely for sentencing consideration. Further, we find no error in the other findings of the district court except for the question whether the defendant knew that he had to update his registration as a sex offender. We can find nothing in the record to support a finding that he knew he was required to report changes of address under the sexual offender registration.
 
 
 5
 Williams' failure to update his registration is considered a Grade B violation.[1] The remaining violations alleged in the petition for revocation are all Grade C violations.[2] The court is required to revoke supervised release in the event of a Grade B violation. See U.S.S.G. Sec. 7B1.3(a)(1). On the other hand, in the event of a Grade C violation, the revocation is subject to the court's discretion. See U.S.S.G. Sec. 7B1.3(a)(2).
 
 
 6
 The record would certainly support the revocation of Williams' supervised release and the imposition of the twenty-four month sentence if the record, dealing with Williams' failure to update his registration, is able to be improved to show Williams' knowledge of the requirement, or it is apparent that the court did not rely in any respect on his failure. Because the record is insufficient to support either of those alternatives, we VACATE the revocation of Williams' supervised release and imposition of a twenty-four month sentence of incarceration and REMAND for further proceedings consistent with this decision.
 
 
 7
 VACATED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Section 7B1.1(a)(2) of the United States Sentencing Guidelines defines a Grade B violation as conduct constituting any federal, state, or local offense punishable by a term of imprisonment exceeding one year but less than twenty years other than a crime of violence, a controlled substance offense, or an offense which involves a firearm
 
 
 [2]
 Grade C violations, according to Section 7B1.1(a)(3), are defined as violations which are punishable by a term of imprisonment of one year or less