62 F.3d 1426
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Todd SWINDELL, Defendant-Appellant.
 No. 94-10404.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 2, 1995.*
Decided Aug. 8, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard Todd Swindell appeals the eighteen-month sentence of imprisonment the district court imposed after it revoked his supervised release. Swindell claims the district court did not give adequate reasons for departing from the sentencing range dictated by the Guidelines. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 "We review findings of fact underlying a sentencing determination for clear error." United States v. Baclaan, 948 F.2d 628, 630 (9th Cir. 1991) (per curiam). To provide the courts with "greater flexibility," the Sentencing Commission promulgated advisory policy statements, rather than binding guidelines, for revocation of probation and supervised release. United States v. Forrester, 19 F.3d 482, 484 (9th Cir. 1994) (probation); United States v. Carper, 24 F.3d 1157, 1158 n.1 (9th Cir. 1994) (supervised release). "The court must provide specific reasons for imposing a particular sentence after revocation of supervised release." Baclaan, 948 F.2d at 630-31.
 
 
 4
 Swindell was arrested on August 18, 1993 on fraud charges. He was in custody until October 6, when he was released pending sentencing. Nine days later, the district court revoked Swindell's presentence release because he had failed to report a change of address to his probation officer. On October 20, after he pleaded guilty to charges exposing him to a sentence of six to twelve months under the Guidelines, Swindell was sentenced to time served and three years' supervised release.[1]
 
 
 5
 The government moved to revoke Swindell's release in December 1993, when after changing his address three times, he failed to report to his probation officer. A bench warrant issued and, by the time authorities arrested Swindell in June 1994, his probation officer had received reports from computer brokering firms around the country that Swindell had recently accepted payment from them for computer equipment he had never delivered. Swindell possessed false identification documents at the time of his arrest.
 
 
 6
 The Guidelines policy statement recommended a range of imprisonment of six to twelve months. See U.S.S.G. Sec. 7B1.4(a). The district court sentenced Swindell to eighteen months, explaining:
 
 
 7
 this is the second absconder status that the defendant has put himself into because of a prior violation which did not result in a revocation of supervised release; for the further reason that the original sentence in this matter was below the guideline range ...; and the clear indication to the Court that the defendant has ... involved himself ... in fraudulent activity.
 
 
 8
 Swindell argues, first, that the district court erred because his prior absconder status did result in a revocation of supervised release; second, that the transcripts reflect no findings that Swindell initiated new fraudulent activity and; third, that his original sentence did not represent a "break," but was in consideration for his plea of guilty. We reject these arguments.
 
 
 9
 First, Swindell correctly points out that his earlier presentence release violation resulted in revocation and incarceration of five days' duration before he was sentenced. We conclude, however, that the district court's concern here stemmed from the uncontested fact that this was Swindell's second disappearance, not from the contested fact that his first had not resulted in his being returned to jail.
 
 
 10
 Second, the probation officer's dispositional report recounting that Swindell was carrying false identification documents at the time of his arrest, coupled with Swindell's own admission to the allegation that he had resumed work as a computer broker, was sufficient to support the district court's finding that Swindell had involved himself in fraudulent activity. See United States v. Lopez-Cavasos, 915 F.2d 474, 476-77 (9th Cir. 1990 (district court may rely on uncontested statements in the PSR).
 
 
 11
 Third, the record reflects that Swindell served no more than sixty days in prison for conduct that exposed him to a sentence under the Guidelines of six to twelve months, and that there were adequate grounds for an upward departure. We conclude that these facts support the district court's determination that Swindell had received lenient treatment at his original sentencing. There was no clear error. See Baclaan, 948 F.2d at 630. Because the district court explicitly considered the policy statements of the Sentencing Commission and gave specific reasons for departing, we uphold the sentence. See id. at 630-31.[2]
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Swindell had served only forty-seven days in prison
 
 
 [2]
 The government's motion to supplement the record is granted. The government's motion to dismiss this appeal is denied