73 F.3d 362
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Johnny Wayne JOHNSON, Defendant-Appellant.
 No. 95-5613.
 United States Court of Appeals, Sixth Circuit.
 Jan. 8, 1996.
 
 Before: MARTIN, JONES, Circuit Judges, and BELL, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant Johnny Wayne Johnson, a convicted felon, appeals the district court's decision to revoke his supervised release on grounds that he had tested positive for marijuana use during his release. Johnson argues that the district court erred in allowing his probation officer to testify to the results of his drug tests. We hold that the district court acted within its discretion in admitting the testimony, and thus affirm its decision.
 
 
 2
 On October 15, 1992, the Grand Jury for the Eastern District of Kentucky returned an indictment against Johnson, charging him with conspiracy to distribute marijuana under 21 U.S.C. Sec. 846, possession with intent to distribute marijuana under 21 U.S.C. Sec. 841(a)(1), and distribution of marijuana under 18 U.S.C. Sec. 2(a) and (b). The Grand Jury also charged Johnson with the use of a firearm in connection with a drug trafficking offense under 18 U.S.C. Sec. 924(c)(1). Johnson pleaded guilty to the first two counts; subsequently, on March 22, 1993, the district court sentenced him to fifteen months' imprisonment.
 
 
 3
 In May 1994, Johnson was freed from prison to begin a four-year period of supervised release under the supervision of his probation officer, Mark George. Under the terms of his release, Johnson was required to participate in a substance abuse program and submit to random drug testing. Between January and February 1995, Johnson tested positive for marijuana three times. Consequently, on March 7, 1995, George petitioned the district court to revoke Johnson's supervised release.
 
 
 4
 Johnson's drug test results were the crucial evidence at his revocation hearing. The Probation Office administered Johnson's drug tests and sent them to PharmChem laboratory in California for analysis. Johnson's treatment supervisor, Keith Baker, testified that the test results showed that Johnson had tested negative for drugs other than marijuana. After the test results were admitted as evidence, however, George testified that those results also showed that Johnson had tested positive for marijuana. J.A. at 41-43. Johnson denied the allegations of drug abuse.
 
 
 5
 Based on the evidence adduced at the hearing, the district court determined that Johnson had violated the terms of his supervised release. Pursuant to 18 U.S.C. Sec. 3583, the district court revoked Johnson's supervised release and remanded him to federal custody. This appeal followed.
 
 
 6
 Johnson's sole argument on appeal is that the district court abused its discretion in relying on George's testimony to revoke his supervised release. "We review a district court's actions in supervised release cases for abuse of discretion." United States v. Webb, 30 F.3d 687, 688 (6th Cir.1994) (citing United States v. Stephenson, 928 F.2d 728, 731-32 (6th Cir.1991). Accordingly, we will not reverse the district court's decision unless "it relies upon clearly erroneous findings of fact or ... improperly applies the law or uses an erroneous legal standard." Fleischut v. Nixon Detroit Diesel, Inc., 859 F.2d 26, 30 (6th Cir.1988). For the reasons that follow, we find that the district court did not abuse its discretion.
 
 
 7
 The district court reserves jurisdiction to revoke a defendant's supervised release if it finds, by a preponderance of the evidence, that the defendant violated a condition of his release. 18 U.S.C.A. Sec. 3583(e)(3) (1995). Under 18 U.S.C. Sec. 3583(g), the court is required to revoke a defendant's release where the defendant is in possession of drugs during his release. Under the law of this circuit, " 'use' of controlled substances constitutes 'possession' for purposes of 18 U.S.C. Sec. 3583." United States v. Hancox, 49 F.3d 223, 224 (6th Cir.1995). Thus, the district court was authorized to revoke Johnson's supervised release if it found by a preponderance of the evidence that Johnson had used drugs during his release.
 
 
 8
 The Federal Rules of Evidence enable the district court to employ relaxed evidentiary standards in release revocation hearings. Rule 1101(d)(3) states that the normal evidentiary rules do not apply in "[p]roceedings ... granting or revoking probation." Id. As a result, the district court may consider hearsay evidence in revocation proceedings if that evidence is "reliable." United States v. Stephenson, 928 F.2d 728, 732 (6th Cir.1991).
 
 
 9
 In the instant case, the district court relied on the hearsay testimony of George in finding that Johnson had used marijuana in violation of his supervised release. Contrary to Johnson's assertions, George's testimony was reliable. George produced the test results at the hearing, which enabled the district court to compare the actual results with George's testimony. Johnson did not dispute the accuracy of the results and responded with a cursory denial of the allegations. The court ultimately weighed the testimony of both George and Johnson, and decided to believe George. Under these circumstances, we find George's testimony to be reliable. Stephenson, 928 F.2d at 732.
 
 
 10
 Johnson, however, believes that Keith's testimony contradicts George's testimony so as to diminish George's reliability. This argument is disingenuous. The pertinent inquiry at the revocation hearing was whether Johnson had used marijuana during his supervised release. Keith only testified that Johnson had tested negative for drugs other than marijuana. Therefore, Keith's testimony does not undermine George's testimony regarding Johnson's marijuana use.
 
 
 11
 Furthermore, we find Johnson's comparison of his case to Stephenson unpersuasive. In Stephenson, the district court revoked the defendant's release based on "the meager testimony of the probation officer" and the lack of supporting evidence that the defendant had abused alcohol. Stephenson, 928 F.2d at 732-33. On appeal, this court reversed the district court's decision, concluding that the district court had abused its discretion. Id. at 733. In this case, the government presented test results in addition to the testimony of Johnson's probation officer to show that Johnson had used marijuana. Thus, Stephenson is inapposite to the case at bar.
 
 
 12
 In conclusion, we find that the district court acted within its discretion in admitting the testimony of Johnson's probation officer regarding Johnson's drug test results because the testimony was reliable. The decision of the district court to revoke Johnson's supervised release is AFFIRMED.
 
 
 
 *
 The Honorable Robert Holmes Bell, District Judge, United States District Court for the Western District of Michigan, sitting by designation