83 F.3d 430
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Adrian Alberto ROJO-MENDOZA, Defendant-Appellant.
 No. 95-10290.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 10, 1996.*
Decided April 12, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Adrian Alberto Rojo-Mendoza appeals the district court's revocation of his supervised release from a 1993 conviction for illegally reentering the United States after his deportation. Rojo-Mendoza contends the evidence is insufficient to support the finding that he violated the terms of his supervised release and his confrontation rights were violated at the revocation hearing. We have jurisdiction under 28 U.S.C. § 1291, and affirm.
 
 
 3
 We review the factual findings underlying the revocation of supervised release for clear error. See United States v. Baclaan, 948 F.2d 628, 630 (9th Cir.1991) (per curiam). The government is required to prove a violation of supervised release by a preponderance of the evidence. See United States v. Soto-Olivas, 44 F.3d 788, 792 (9th Cir.), cert. denied, 115 S.Ct. 2289 (1995).
 
 
 4
 Rojo-Mendoza contends that no evidence proved that he was the person who pleaded guilty to entering the United States illegally in a separate criminal proceeding. The plea agreement from the separate criminal proceeding admitted into evidence in the revocation hearing, however, was signed by a person using the name Adrian Alberto Rojo-Mendoza. Rojo-Mendoza did not challenge the authenticity of the document, and did not present evidence showing that the defendant who pleaded guilty was different from Rojo-Mendoza. Cf. Corona-Palomera v. INS, 661 F.2d 814, 816 (9th Cir.1981) (identity of name on birth certificate sufficient to establish identity of person in deportation proceeding in absence of challenge to proof); Pasterchik v. United States, 400 F.2d 696, 701 (9th Cir.1968) (identity of name on document showing prior conviction sufficient to establish identity of person in criminal proceeding in absence of contradictory evidence), cert. denied, 395 U.S. 982 (1969). Nor does it seem likely that such a challenge would have succeeded, because the district judge and the attorney representing Rojo-Mendoza at the revocation hearing were the same judge and attorney as in the separate guilty plea proceeding.
 
 
 5
 The district court took judicial notice of the terms and conditions of Rojo-Mendoza's supervised release during the revocation hearing. Rojo-Mendoza did not object to the evidence. Thus, the district court did not err by finding that Rojo-Mendoza was the same person who was subject to conditions of supervised release from the 1993 conviction. See Baclaan, 948 F.2d at 630; Pasterchik, 400 F.2d at 701. The district court could also impute knowledge of the conditions of supervised release to Rojo-Mendoza because his violation of the conditions was a criminal act. Cf. United States v. Simmons, 812 F.2d 561, 565 (9th Cir.1987) (court may impute knowledge of conditions of probation when violation is criminal act).
 
 
 6
 Rojo-Mendoza alleges that no evidence was presented proving that he was deported on April 5, 1994, as alleged in the "Petition on Probation and Supervised Release." The evidence at the hearing established that Rojo-Mendoza was deported on January 19, 1993. Rojo-Mendoza does not explain the significance of the variance between the allegation in the petition and the evidence presented. We decline to address the claim because it is not articulated in the appellate briefs. See United States v. Montoya, 45 F.3d 1286, 1300 (9th Cir.), cert. denied, 116 S.Ct. 67 (1995). The district court did not clearly err by finding that Rojo-Mendoza violated his supervised release. See Baclaan, 948 F.2d at 630.
 
 
 7
 Rojo-Mendoza's confrontation rights were not violated at the revocation hearing because he was given the opportunity to challenge the plea agreement evidence. See United States v. Martin, 984 F.2d 308, 311-12 (9th Cir.1993).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3