UNITED STATES of America,
Plaintiff–Appellee,

v.

Phillip Alan GODMAN, Defendant–
Appellant.

No. 00–6673.

United States Court of Appeals,
Sixth Circuit.

Nov. 6, 2001.

Before KEITH, KENNEDY, and
BATCHELDER, Circuit Judges.

Phillip Alan Godman appeals the district court's judgment revoking his supervised release and sentencing him to twenty-two months of imprisonment. The parties have waived oral argument, and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1998, Godman pleaded guilty to one count of counterfeiting in violation of 18 U.S.C. § 471. The district court sentenced him to twenty-seven months of imprisonment and three years of supervised release. Godman's period of supervised release began on July 20, 2000. Among the terms of Godman's supervised release were the conditions forbidding use or possession of controlled substances and requiring participation in drug treatment and drug testing as directed by his probation officer.

In October 2000, the government charged Godman with violating the conditions of his supervised release. The government alleged that in a three-month period, while Godman was on supervised release, he tested positive for cocaine on four occasions, failed to report for testing on five occasions, and failed to attend a

drug counseling session as ordered. The district court conducted a supervised release revocation hearing at which Godman did not contest the allegations that he violated the conditions of his supervised release. Accordingly, the district court determined that Godman's violation constituted a Grade B violation, ordered that Godman's supervised release be revoked, and sentenced Godman to twenty-two months of imprisonment and three years of supervised release.

In his timely appeal, Godman contends that the district court erred in revoking his supervised release and sentencing him to twenty-two months of imprisonment.

This court applies an abuse of discretion standard to its review of a district court's decision to revoke supervised release and reviews a district court's application of the guidelines to a particular set of facts de novo. *United States v. Crace,* 207 F.3d 833, 835 (6th Cir.2000).

Upon review, we conclude that the district court did not err in sentencing Godman. Godman contends that his violation was a Grade C, rather than a Grade B, violation because the positive drug tests, while being violations of the terms of his supervised release, were not violations of the law, and that the district court's consideration of his prior criminal conduct when classifying his current conduct as a Grade B violation constitutes impermissible double counting. Godman's positive drug tests constitute possession, a Grade B violation, which, under 18 U.S.C. § 3583(g), requires revocation of supervised release. *Crace,* 207 F.3d at 835–36 (citing *United States v. Hancox,* 49 F.3d 223, 224 (6th Cir.1995)). In addition, the district court's use of Godman's prior drug convictions to establish the offense level of his positive drug screens and his criminal history category does not constitute impermissible double counting. *Crace,* 207 F.3d at 838.

Accordingly, we hereby affirm the district court's judgment.