**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Vincent Peter CAMACHO,
Defendant—Appellant.**

No. 02–10489.

D.C. No. CR–93–00048–JSU.

United States Court of Appeals,
Ninth Circuit.

Submitted May 12, 2003.*

Decided May 19, 2003.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before PREGERSON, REINHARDT, and GRABER, Circuit Judges.

MEMORANDUM**

Vincent Peter Camacho appeals from the revocation and extension of supervised release following positive drug tests. We have jurisdiction under 28 U.S.C. § 1291. We review for plain error Camacho's ex post facto challenge to the application of the supervised release statute because he sufficiently raised it for the first time on appeal, *United States v. Romero–Avila,* 210 F.3d 1017, 1021–22 (9th Cir.2000), and we affirm.

Camacho contends that the district court applied the wrong subsection and wrong version of 18 U.S.C. § 3583. Because the statute in effect at the time of Camacho's offense authorized the sentence imposed, *see Johnson v. United States,* 529 U.S. 694, 712, 120 S.Ct. 1795, 146 L.Ed.2d 727 (2000), there was no ex post facto violation.

The district court did not plainly err by declining to treat Camacho's violations as drug possessions. *See United States v. Baclaan,* 948 F.2d 628, 630 (9th Cir.1991). It was therefore not obligated to impose a longer term of incarceration as sought by Camacho on appeal.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.