**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30025 |
| Plaintiff - Appellee, | D.C. No. 2:05-cr-00118-WFN |
| v. | |
| TYRONE YARBROUGH, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, District Judge, Presiding

Submitted September 13, 2010[**]

Before:     SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Tyrone Yarbrough appeals from the 24-month sentence imposed following

the revocation of supervised release.  We have jurisdiction pursuant to 28 U.S.C.

§ 1291, and we affirm.

Yarbrough contends that the district court procedurally erred by failing to

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

properly calculate the Guidelines range and by not adequately explaining the sentence in context of the relevant sentencing factors. The record reflects that the district court properly found that Yarbrough committed a Grade B violation. *See* 21 U.S.C. 844(a); *see also United States v. Baclaan*, 948 F.2d 628, 629 (9th Cir. 1991). Furthermore, the district court conducted a well-reasoned and thorough evaluation of the statutory sentencing factors prior to imposing the sentence. *See United States v. Carty*, 520 F.3d 984, 991-93 (9th Cir. 2008).

Yarbrough also contends that the district court procedurally erred and that the sentence imposed was substantively unreasonable because the court relied on an impermissible factor in arriving at the sentence. The district court's sentence was not intended to punish Yarbrough for his prior unsuccessful treatment and the costs associated with that treatment. Rather, the district court properly considered those factors as part of the nature and circumstances of the offense and the history and characteristics of the defendant. *See* 18 U.S.C. § 3553(a)(1); *see also United States v. Simtob*, 485 F.3d 1058, 1062 (9th Cir. 2007). The district court did not procedurally err, and the sentence imposed is substantively reasonable under the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 50-51 (2007).

**AFFIRMED.**