**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**John William FORRESTER,**
**Defendant–Appellant.**

No. 93–10137.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 16, 1993 *.

Opinion Jan. 13, 1994.

Opinion Withdrawn March 25, 1994.

Decided March 25, 1994.

* This panel unanimously finds this case suitable for disposition without oral argument. Fed. R.Civ.P. 34(a); 9th Cir.R. 34–4.

Franny A. Forsman, Asst. Federal Public Defender, Las Vegas, NV, for defendant-appellant.

Will B. Mattly, Asst. U.S. Atty., Las Vegas, NV, for plaintiff-appellee.

Before: SKOPIL, THOMPSON and RYMER, Circuit Judges.

## ORDER

The opinion filed January 13, 1994 is withdrawn and the opinion and separate concurrence filed concurrently herewith are filed in its stead.

## OPINION

DAVID R. THOMPSON, Circuit Judge:

We consider the following question in this appeal: To what extent is a district court obliged to consider the policy statements of Chapter 7 of the United States Sentencing Guidelines in imposing a sentence when it revokes a defendant's probation?

### FACTS AND PROCEEDINGS

The appellant, John William Forrester, is a gambling addict and recovering alcoholic. In May 1991, he and his wife of one month moved to Las Vegas to seek a fresh start. A few weeks later, Forrester gambled and lost $13,000 that belonged to his wife. This was virtually all the money the couple had. Desperate to recover at least some of the money, Forrester, who was unarmed, robbed a bank.

Although the police had no suspects, a remorseful Forrester turned himself in and confessed to the crime. He pleaded guilty to bank robbery. He was 42 years old and had no history of prior criminal conduct.

At his sentencing hearing, the district court took pity on him. Instead of sentencing him to prison for between 33 and 41 months, as prescribed by the applicable guideline range, the court departed downward and gave him five years probation.

Approximately 18 months later, the United States Probation Department filed a petition to revoke probation. Forrester had violated several general conditions of his probation. He had also violated some of the special conditions: He had entered at least one gambling establishment, had failed to participate in a required mental health and substance abuse program, and had failed to submit to drug and alcohol monitoring.

At his revocation hearing, Forrester and the government agreed that the admitted probation violations were all Grade C violations under Guideline § 7B1.1, his criminal history category was I, and the revocation table at section 7B1.4 set his sentencing range at 3 to 9 months.

The district court revoked Forrester's probation. Rejecting the 3 to 9 month range of section 7B1.4, the court sentenced him to 33 months in prison, the low end of the applicable guideline range for his crime of bank robbery. This appeal followed.

### DISCUSSION

Forrester argues the district court was bound by the policy statements of Chapter 7, and hence should have sentenced him within the 3 to 9 month range. Alternatively, he argues that even if the district court was not bound to sentence him within this range, it had to consider and apply Chapter 7's policy statements, as required by *Stinson v. United States*, — U.S. —, —, 113 S.Ct. 1913, 1917, 123 L.Ed.2d 598 (1993), and *Williams v. United States*, — U.S. —, —, 112 S.Ct. 1112, 1119, 117 L.Ed.2d 341 (1992); and, he contends, the district court failed to do so. We reject these arguments.

■ In general, policy statements interpreting sentencing guidelines are binding on federal courts. *See United States v. Levi,* 2 F.3d 842, 845 (8th Cir.1993). In *Williams,* —— U.S. at ——, 112 S.Ct. at 1119, the Supreme Court held, "Where ... a policy statement prohibits a district court from taking a specified action, the statement is an authoritative guide to the meaning of the applicable guideline." In *Stinson,* —— U.S. at ——, 113 S.Ct. at 1917, relying on *Williams,* the Court stated, "The principle that the Guidelines Manual is binding on federal courts applies as well to policy statements."

In *Williams* and *Stinson,* however, the Court considered policy statements in U.S.S.G. Chapters 4 and 5 that interpreted specific sentencing guidelines. In those two cases, the Court reasoned policy statements interpreting the guidelines are an integral part of the guidelines themselves. *See Stinson,* —— U.S. at —— ——, 113 S.Ct. at 1917–18; *Williams,* —— U.S. at —— ——, 112 S.Ct. at 1119–20.

■ In contrast, there are no guidelines in Chapter 7. Instead, there are only policy statements pertaining to the federal statute applicable to probation revocation. *See* Chapter 7, Sentencing Guidelines; 18 U.S.C. § 3565 (1988). Because Chapter 7 deals only with the applicable statute, 18 U.S.C. § 3565, and does not purport to interpret a guideline, *Stinson* and *Williams* do not require a sentencing court to follow Chapter 7's policy statements when imposing sentence upon a revocation of probation. *See Levi,* 2 F.3d at 845. *See also* U.S.S.G. Ch. 7, Pt. A3(a) (comment by the Sentencing Commission that it opted to promulgate advisory policy statements in Chapter 7 for the revocation of probation, because policy statements provide both the Commission and the courts with "greater flexibility" than guidelines).

■ Moreover, the policy statement with which we are concerned in this case appears to be inconsistent with the statute to which it

pertains. This statute, 18 U.S.C. § 3565, provides in pertinent part:

(a) Continuation or revocation.—If the defendant violates a condition of probation at any time prior to the expiration or termination of the term of probation, the court may

. . . .

(2) revoke the sentence of probation and impose any other sentence that was available under subchapter A at the time of the initial sentencing.

Applying section 3565(a)(2) to the facts, the sentencing court in the present case clearly was within its statutory authority when it sentenced Forrester to a 33–month prison term, a sentence allowable at the time of Forrester's initial sentencing. Because this sentence differs from the 3 to 9 month sentence prescribed by the policy statement in section 7B1.4, the policy statement and the statute appear to be in conflict.[1]

In *Stinson,* —— U.S. at ——, 113 S.Ct. at 1919, the Court held commentary inconsistent with the guideline it purports to interpret is not binding. Because the policy statement in this case is apparently in conflict with 18 U.S.C. § 3565(a)(2), the statute controls.

■ Even though the statute and not the policy statements of Chapter 7 controlled the district court in this case, Forrester is correct in arguing that the sentencing court had to consider the policy statements. The statute requires this. Section 3553(a)(5) (1993) provides: "The court, in determining the particular sentence to be imposed, shall consider ... any pertinent policy statement issued by the Sentencing Commission ... that is in effect on the date the defendant is sentenced." *See also United States v. Baclaan,* 948 F.2d 628, 631 (9th Cir.1991) (citing 18 U.S.C. § 3553(a)(5)).

■ Here, the district court considered Chapter 7. In footnote 1 of its order revoking probation it stated that "even if [it] sentenced Defendant under Chapter 7, the court

---

1. The apparent conflict may not be important in this case, because when the district court first sentenced Forrester it departed downward and placed him on five years probation. In such a case where the court has departed downward at the initial sentencing, Chapter 7 authorizes an upward departure upon revocation of probation. U.S.S.G. § 7B1.4, comment, n. 4.

would not be bound by the 3–9 month range suggested by Defendant. Commentary note 4 to section 7B1.4 provides that, '[w]here the original sentence was the result of a downward departure (*e.g.*, is a reward for substantial assistance) ..., an upward departure may be warranted.'" District Court Order, Feb. 23, 1993, at 6.

Having considered the policy statements of Chapter 7, the court was free to reject the suggested sentence range of 3 to 9 months. It did so when it sentenced Forrester to 33 months, authorized by 18 U.S.C. § 3565(a)(2) (1988).

AFFIRMED.

SKOPIL, Circuit Judge, concurring:

I agree with the majority that U.S.S.G. Chapter 7 policy statements are not binding on the sentencing court, but must be considered prior to sentencing. *See United States v. Baclaan,* 948 F.2d 628, 631 (9th Cir.1991) (per curiam). I also agree that the district court adequately considered the policy statements before sentencing Forrester. Accordingly, I concur.

I write separately only to express my disagreement with the majority's statement that Chapter 7 apparently conflicts with the requirements of 18 U.S.C. § 3565(a)(2). I believe that any apparent conflict is resolved by the policy statement that provides:

> Where the minimum term of imprisonment required by statute, if any, is greater than the maximum of the applicable range, the minimum term of imprisonment required by statute shall be substituted for the applicable range.

U.S.S.G. § 7B1.4(b)(2).

The majority's holding that the policy statements are in apparent conflict with the statute rests on the difference between the sentence suggested by Chapter 7's "applicable range" (3 to 9 months) and the sentence "available under subchapter A at the time of the initial sentencing" (33 to 41 months). The very existence of such a conflict leads to the conclusion that this is a case where "the minimum term of imprisonment required by statute ... is greater than the maximum of the applicable range," and thus that the appropriate sentence under Chapter 7 is "the minimum term of imprisonment required by statute." U.S.S.G. § 7B1.4(b)(2). This is precisely the sentence that Forrester received.

In *Baclaan,* we remanded for resentencing because the district court failed to consider section 7B1.4(b)(2) when imposing a sentence longer than the minimum required by 18 U.S.C. § 3583(g) on revocation of supervised release for possession of a controlled substance. 948 F.2d at 630–31. I see no reason to treat probation revocations under section 3565(a)(2) differently. I believe that our holding in *Baclaan* requires the court to consider imposing the minimum sentence "available under subchapter A at the time of the initial sentencing," 18 U.S.C. § 3565(a)(2), before imposing a longer sentence in a probation revocation proceeding to which section 3565 applies. Because the court did impose the minimum available sentence in this case, it did not run afoul of *Baclaan.*