**UNITED STATES of America, Plaintiff,**

v.

**Angelo REDMOND, Defendant.**

**Crim. No. 92–208–FR.**

United States District Court,
D. Oregon.

Nov. 14, 1994.

Kristine Olson Rogers, U.S. Atty., Michael J. Brown, Asst. U.S. Atty., Portland, OR, for plaintiff.

Kenneth Lerner, Portland, OR, for defendant.

## OPINION

FRYE, District Judge:

Before the court is the matter of the resentencing of the defendant, Angelo Redmond.

## BACKGROUND

On June 9, 1992, the defendant, Angelo Redmond, was charged in Count 4 of the indictment filed against him with the crime of having knowingly distributed a substance containing cocaine base on April 16, 1992.

On January 19, 1993, Redmond entered a plea of guilty to the crime of having knowingly distributed a substance containing cocaine base on April 16, 1992 pursuant to a plea agreement in which the government agreed to recommend sentencing adjustments based upon the fact that Redmond had accepted responsibility for his criminal acts and because of his minor or minimal role in the offense. The government also agreed to join

with Redmond in asking the court to depart downward to a probationary sentence in light of Redmond's medical history.

Following Redmond's plea of guilty, a presentence report was prepared. The writer of the presentence report finds Redmond responsible for the commission of a level 26 offense and classifies him as a Category I offender with a guideline range of 33 to 41 months. The writer of the presentence report recommends an adjustment based upon Redmond's acceptance of responsibility but does not recommend an adjustment based upon Redmond's role in the offense. The writer of the presentence report concludes that Redmond's physical impairment is not an extraordinarily serious physical impairment so as to warrant a downward departure under the sentencing guidelines.

On April 5, 1993, the court held a sentencing hearing at which time the court determined that it would follow the plea agreement of the parties. The court found that the sentencing guideline range was 33 to 41 months but agreed to depart downward to a probationary sentence under U.S.S.G. § 5H1.4. The court then imposed upon Redmond a probationary sentence of three years under standard and special conditions, including the standard condition that he "shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, nor any paraphernalia related to such substances, except as prescribed by a physician." Standard Condition of Probation No. 7.

On August 26, 1993, a summons was issued by the court ordering Redmond to show cause why his term of probation should not be revoked because he had submitted five urine samples between June 17, 1993 and August 9, 1993 which, upon testing, showed the presence of cocaine.

On October 12, 1993, the court issued an amended order to show cause why Redmond's term of probation should not be revoked because (1) Redmond had submitted on September 27, 1994 and on September 30, 1994 "positive" urine samples; and (2) Redmond had been terminated from a residential substance abuse treatment program as a consequence of the evidence that he had been using cocaine.

On October 18, 1993, Redmond admitted that he had used cocaine on October 1, 1993. Based upon that admission, the court revoked Redmond's term of probation and imposed upon him a sentence of 33 months imprisonment.

On November 22, 1993, the court amended the sentence that it had imposed on October 18, 1993 to add a three-year term of supervised release to follow the sentence of 33 months imprisonment.

Redmond filed a notice of appeal to the United States Court of Appeals for the Ninth Circuit.

On September 28, 1994, the Court of Appeals, 37 F.3d 1507, filed a memorandum opinion stating:

It appearing that, subsequent to the revocation of probation and resentencing by the district court, the Supreme Court has decided by *United States v. Granderson,* [——] U.S. [——], 114 S.Ct. 1259 [127 L.Ed.2d 611] (1994), and it appearing further that this decision is relevant to the subject matter of this appeal, it is hereby ordered that the sentence of the district court be VACATED and the proceedings REMANDED for resentencing in light of *Granderson.*

On October 20, 1994, the Court of Appeals issued the mandate vacating the sentence imposed on November 22, 1993 and remanding the proceedings to this court.

## CONTENTIONS OF THE PARTIES

Redmond contends that the appropriate sentencing range available to the court on October 18, 1993 permitted the court to place Redmond on probation as a sentencing option. Redmond contends that, in his case, a sentence of probation without any community confinement is only available in Zone A of the Sentencing Table, U.S.S.G. § 5B1.1; that the court necessarily determined the sentencing range to be 0-6 months when it sentenced him to a term of probation; and that upon revocation of the term of probation, the court is limited to a maximum sentence of 6 months imprisonment. Because

he has already served more than 15 months in prison, Redmond contends that he has served that sentence and should now be released.

The government contends that the sentence imposed by the court of 33 months is authorized by 18 U.S.C. § 3565(a)(2).

## APPLICABLE LAW

18 U.S.C. § 3565(a) states, in part:

If the defendant violates a condition of probation at any time prior to the expiration or termination of the term of probation, the court may ...

(1) continue him on probation, with or without extending the term or modifying or enlarging the conditions; or

(2) revoke the sentence of probation and impose any other sentence that was available under subchapter A at the time of the initial sentencing.

Notwithstanding any other provision of this section, if a defendant is found by the court to be in possession of a controlled substance, thereby violating the condition imposed by section 3563(a)(3), the court shall revoke the sentence of probation and sentence the defendant to not less than one-third of the original sentence.

## ANALYSIS AND RULING

In *United States v. Forrester*, 19 F.3d 482 (9th Cir.1994), the appellate court concluded that the district court, upon the revocation of a defendant's sentence of probation, could impose a sentence within the guideline range applicable at the time of the imposition of the sentence of probation pursuant to 18 U.S.C. § 3565(a)(2).

In *Forrester*, the defendant plead guilty to the crime of bank robbery. In *Forrester*, the court said that:

At his sentencing hearing, the district court took pity on him. Instead of sentencing him to prison for between 33 and 41 months, as prescribed by the applicable guideline range, the court departed downward and gave him five years probation.

Approximately 18 months later, the United States Probation Department filed a petition to revoke probation. Forrester had violated several general conditions of his probation. He had also violated some of the special conditions: He had entered at least one gambling establishment, had failed to participate in a required mental health and substance abuse program, and had failed to submit to drug and alcohol monitoring.

At his revocation hearing, Forrester and the government agreed that the admitted probation violations were all Grade C violations under Guideline § 7B1.1, his criminal history category was I, and the revocation table at section 7B1.4 set his sentencing range at 3 to 9 months.

The district court revoked Forrester's probation. Rejecting the 3 to 9 month range of section 7B1.4, the court sentenced him to 33 months in prison, the low end of the applicable guideline range for his crime of bank robbery.

*Id.* at 483.

Applying section 3565(a)(2) to the facts, the sentencing court in the present case clearly was within its statutory authority when it sentenced Forrester to a 33–month prison term, a sentence allowable at the time of Forrester's initial sentencing. Because this sentence differs from the 3 to 9 month sentence prescribed by the policy statement in section 7B1.4, the policy statement and the statute appear to be in conflict.

*Id.* at 484.

Having considered the policy statements of Chapter 7, the court was free to reject the suggested sentence range of 3 to 9 months. It did so when it sentenced Forrester to 33 months, authorized by 18 U.S.C. § 3565(a)(2) (1988).

*Id.* at 485.

At the time of Redmond's sentencing, the court found that the sentencing guideline range was 33 to 41 months. The court granted the motion of the government for a sentencing departure because of Redmond's physical condition.

On October 18, 1993, Redmond admitted that he had used cocaine on October 1, 1993.

The court found that he had violated one of the conditions of his probation.

Redmond, through counsel, submitted a memorandum to the court prior to the imposition of sentence which specifically addressed the policies and provisions of Chapter 7. At the time of sentencing, counsel for Redmond argued that the options available to the court were limited by the policy statements of Chapter 7.

After considering all of the arguments of counsel, the policies and provisions of Chapter 7, and all of the relevant facts, the court sentenced Redmond to a term of 33 months in prison rejecting the suggested sentence in the policy statements of Chapter 7. The court's procedure in this case is not distinguishable from the procedure in *Forrester.* This court was free to impose and did impose upon Redmond a sentence of 33 months which "was available under subchapter A at the time of the initial sentencing." 18 U.S.C. § 3565(a)(2).

The Court of Appeals has vacated the judgment and remanded this case for resentencing in light of *United States v. Granderson,* — U.S. —, 114 S.Ct. 1259, 127 L.Ed.2d 611 (1994).

In *Granderson,* the Supreme Court addressed that portion of 18 U.S.C. § 3565(a) which requires that if a defendant on probation is found to be in possession of a controlled substance in violation of section 3563(a)(3), the court must revoke his term of probation and "sentence the defendant to not less than one-third of the original sentence." 18 U.S.C. § 3565(a). The issue specifically addressed by the Supreme Court was whether the reference to the "original sentence" was a reference to the term of the sentence of probation which was imposed or a reference to the sentence of imprisonment that the defendant could have received under the applicable guideline range at the time of the original sentencing.

Granderson, a letter carrier, pleaded guilty to one count of destruction of mail, in violation of 18 U.S.C. § 1703(a). Under the Sentencing Guidelines, the potential imprisonment range, derived from the character of the offense and the offender's criminal history category, was 0–6 months.

The District Court imposed no prison time, but sentenced Granderson to 5 years' probation and a $2,000 fine. As a standard condition of probation, Granderson was required to submit periodically to urinary testing for illegal drug use.

Several weeks after his original sentencing, Granderson tested positive for cocaine, and his probation officer petitioned for revocation of the sentence of probation. Finding that Granderson had possessed cocaine, the District Court revoked Granderson's sentence of probation and undertook to resentence him, pursuant to § 3565(a), to incarceration for "not less than one-third of the original sentence." The term "original sentence," the District Court concluded, referred to the term of probation actually imposed (60 months) rather than the imprisonment range authorized by the Guidelines (0–6 months). The court accordingly sentenced Granderson to 20 months' imprisonment.

— U.S. at —, 114 S.Ct. at 1262 (footnote omitted).

The Court of Appeals upheld the court's decision to revoke Granderson's term of probation but concluded that the phrase "original sentence" in section 3565(a) referred to the 0–6 month sentence of incarceration faced by Granderson under the sentencing guidelines at the time that the sentence was initially imposed upon him.

Upon appeal, the Supreme Court concluded:

We decide, in sum, that the drug-possession proviso of § 3565(a) establishes a mandatory minimum sentence of imprisonment, but we reject the Government's contention that the proviso unambiguously calls for a sentence based on the term of probation rather than the originally applicable Guidelines range of imprisonment.... In these circumstances, in common with the Court of Appeals, we apply the rule of lenity and resolve the ambiguity in Granderson's favor. The minimum revocation sentence, we hold, is one-third the maximum of the originally applicable Guidelines range, (n. 15) and the maximum

revocation sentence is the Guidelines maximum.

(n. 15) At oral argument the Government suggested that its own interpretation is more lenient than Granderson's, in those rare cases in which the court has departed downward from the Guidelines to impose a sentence of probation. In *United States v. Harrison*, 815 F.Supp. 494 (DC 1993), for example, the court, on the government's motion, had departed downward from a 97–121 month Guidelines range and a 10-year statutory mandatory minimum to impose only a sentence of probation. When the Government moved to revoke probation for drug possession, the court held that the statute required basing the revocation sentence upon the term of probation rather than the Guidelines range, and, in the alternative, that even if the statute were ambiguous, the rule of lenity would so require. Having found § 3565(a)'s drug possession proviso ambiguous, we agree that the rule of lenity would support a shorter sentence, whether on *Harrison*'s analysis, or on the theory that the "applicable Guidelines range" is the maximum of a Guidelines range permitting a sentence of probation.

—— U.S. at ——, 114 S.Ct. at 1269.

■ In the case before this court, the court found that Redmond had violated the conditions of his term of probation pursuant to his admission that "he had used cocaine on October 1, 1993." Amended Order Revoking Probation, p. 2. Redmond's use of cocaine was a violation of Standard Condition of Probation No. 7. Because this court did not make a finding that Redmond was "in possession of a controlled substance in violation of the condition imposed by section 3563(a)(3)," the court did not automatically revoke Redmond's sentence of probation pursuant to the drug-possession proviso of section 3565(a) as did the court in *Granderson*.

Pursuant to section 3565(a)(2), a court "may ... revoke the sentence of probation and impose any other sentence that was available ... at the time of the initial sentencing." Relying upon the clear ruling in *Forrester*, the court imposed to the low end of the applicable guideline range at the time of the initial sentencing. Because *Granderson* specifically addressed the interpretation of the drug-possession proviso of section 3565(a), which this court was not asked to apply and did not apply, it is difficult to see how this court could resentence Redmond in light of *Granderson*.

■ Assuming, however, that Redmond's admission that he had used cocaine would subject him to the drug-possession proviso of section 3565(a), the holding in *Granderson* addresses only the establishment of a mandatory minimum sentence and does not support Redmond's position that the 33–month sentence that was imposed upon him was beyond the maximum sentence that could be imposed upon revocation.

"The minimum revocation sentence, we hold, is one-third the maximum of the originally applicable Guidelines range, and *the maximum revocation sentence is the Guidelines maximum*." *Granderson* —— U.S. at ——, 114 S.Ct. at 1269 (footnote omitted and emphasis added). The 33–month sentence that was imposed was below the guideline maximum, which was 41 months.

The reference in footnote 15 of *Granderson* to "the theory that the 'applicable Guidelines range' is the maximum of a Guidelines range permitting a sentence of probation," *Id.* at ——, n. 15, 114 S.Ct. at 1269, n. 15, relied upon by Redmond, does not affect the court's authority under section 3565(a) to "impose any other sentence that was available ... at the time of the initial sentencing." This statutory language is entirely clear, and this court will resentence Redmond to a term of 33 months.