50 F.3d 16
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Pamela Sue BRANSON, Defendant-Appellant.
 No. 94-10410.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1995.*
Decided March 23, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Pamela Branson appeals the 18-month sentence imposed following the revocation of her probation. We review de novo the application of the Sentencing Guidelines upon revocation of probation. United States v. Lockard, 910 F.2d 542, 543 (9th Cir.1990). We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 Branson was serving a 60-month term of probation when probation officers searched her apartment. Branson's 22-year-old son, Cory, shared the two-bedroom apartment. The officers found four firearms under Cory's bed. They also found two firearms in Branson's storage locker. The locker was located a few blocks from the apartment, Branson paid the rent, and Branson had the only key. At the evidentiary hearing, Cory testified that his mother did not know about the guns under his bed and that he owned them. Branson's 19-year-old niece, Jessie Free, testified that she owned the guns in the storage locker, but that Branson knew that she had put the revolver in the locker by using Branson's key.
 
 
 4
 Branson first argues that the district court erred by classifying her possession of firearms as a Grade B violation. A Grade B violation is conduct constituting a felony. U.S.S.G. Sec. 7B1.1(a)(2), p.s. The possession of a firearm by a felon is a felony. 18 U.S.C. Sec. 922(g).
 
 
 5
 Here, the district court found that Branson, a convicted felon, knew the revolver was in the storage locker and had exclusive control of the locker. The court took judicial notice of the fact that only Rugers were manufactured in Arizona, therefore, the interstate commerce element was met. Because the facts showed that Branson's constructive possession of the revolver in the storage locker constituted a felony, the district court did not err by classifying Branson's conduct as a Grade B violation. See United States v. Terry, 911 F.2d 272, 278 (9th Cir.1990) (evidence was sufficient to convict under 18 U.S.C. Sec. 922(g) when defendant knew location of gun and had unhindered access to it). We need not consider the other weapons because the possession of one was sufficient to violate the condition that Branson refrain from possessing a firearm while on probation.
 
 
 6
 Branson next argues that the district court was unclear whether it found Branson's possession to be actual or constructive. Branson asserts that she did not have actual possession of any of the six firearms. Branson believes this is important because 18 U.S.C. Sec. 3565(b) mandates revocation of probation when the defendant is in "actual possession" of a firearm. Branson further notes that Sec. 3565(b) limits the court to impose a sentence "that was available ... at the time of the initial sentencing." Branson thus concludes that the 18-month sentence was illegal because her original sentencing range was 27 to 33 months.[1]
 
 
 7
 Branson's position is perplexing because she essentially complains that her sentence is too low. In addition, Branson mistakenly believes that the limiting language applied only if the district court invoked the mandatory revocation provision of subsection (b). The limiting language applied to both discretionary and mandatory revocations. 18 U.S.C. Sec. 3565; United States v. White, 925 F.2d 284, 286 n. 1 (9th Cir.1991). We do not need to decide whether the mandatory revocation provision applied to a probationer who constructively possesses a firearm because here the district court did not suggest that it was revoking Branson's probation only because of the mandatory provision. Even if Branson constructively possessed a firearm, the district court was authorized to revoke her probation under Sec. 3565(a) and was authorized to impose any sentence that was available at the time of the initial sentencing. Here, the original sentence itself was the product of a departure from 27 to 33 months in prison to a sentence of probation. Thus, the 18-month sentence was available at the time of the initial sentencing and is not illegal. See White, 925 F.2d at 286-87 (a district court is not absolutely limited by Sec. 3565's reference to the original sentencing range because the court can depart from the original range); see also U.S.S.G. Sec. 7B1.4, comment. (n. 4) ("Where the original sentence was the result of a downward departure ... below the guideline range applicable to the defendant's underlying conduct, an upward departure may be warranted" upon revocation of probation); United States v. Forrester, 19 F.3d 482, 484 n. 1 (9th Cir.1994).
 
 
 8
 Branson also argues that the district court rejected the suggested guideline range without giving reasons.
 
 
 9
 The district court is required to consider, but is not bound by the policy statements in U.S.S.G. Sec. 7B1.4 which suggest sentencing ranges for probation violations. Forrester, 19 F.3d at 484-85. Here, the district court read the presentence report, which listed the sentencing range as 4 to 10 months, and heard arguments from counsel. The court imposed an 18-month sentence because the firearms violations were serious and Branson failed to exercise control over the armory in her house and storage locker. The district court complied with the law. See id. (district court was free to reject range of 3 to 9 months and to impose a 33-month sentence upon revocation of probation).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Congress has since amended the statute to eliminate both the "actual possession" and "any other sentence that was available" language. See 18 U.S.C.A. Sec. 3565 (West Supp.1995), amended by Violent Crime Control and Law Enforcement Act of 1994, Pub.L. No. 103-322, Sec. 110506, 108 Stat. 2017-18 (Sept. 13, 1994)