52 F.3d 335
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tay CHU, aka Chu Tay Thuong, Defendant-Appellant.
 No. 94-50290.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1995.*
Decided April 21, 1995.
 
 1
 Before: BROWNING and BEEZER, Circuit Judges, and JONES, District Judge.**
 
 
 2
 MEMORANDUM**
 
 
 3
 Tay Chu appeals the district court's imposition of the statutory maximum 24 month term of imprisonment for Chu's violations of the terms and conditions of his supervised release. Chu contends that the district court did not give adequate reasons for its decision to impose a sentence outside the range of 12 to 18 months recommended by the Sentencing Commission's applicable policy statement. United States Sentencing Commission, Guidelines Manual Sec. 7B1.4(a). We have jurisdiction over Chu's timely appeal pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 4
 * We review the factual findings underlying the district court's application of the sentencing guidelines for clear error. United States v. Heim, 15 F.3d 830, 832 (9th Cir.), cert. denied, 115 S.Ct. 55 (1994). The application and interpretation of the guidelines is reviewed de novo. United States v. Ogbuehi, 18 F.3d 807, 814 (9th Cir.1994). Under the guidelines, we still give our traditional deference to the district court's exercise of its sentencing discretion. Williams v. United States, 503 U.S. 193, ----, 112 S.Ct. 1112, 1121 (1992).
 
 II
 
 5
 As the appellant concedes in his reply brief, this is not a departure case. Unlike guidelines, the policy statements in Chapter 7 of the Guidelines Manual are not binding on the district court. United States v. Forrester, 19 F.3d 482, 484 (9th Cir.1994). The district court was, however, required to consider the applicable policy statement in deciding the sentence to impose, and to give its reasons for deciding not to follow the policy statement. Id. at 484-85; United States v. Redman, 35 F.3d 437, 441 (9th Cir.1994), cert. denied, 115 S.Ct. 922 (1995).
 
 
 6
 Contrary to appellant's argument, the transcript of the sentencing hearing reveals that the district court considered Sec. 7B1.4 in deciding what sentence to impose. The policy statement recommends a sentence of 12 to 18 months based on Chu's Grade A violation and his criminal history category of I. U.S.S.G. Sec. 7B1.4(a). The probation officer, however, recommended the statutory maximum sentence of 24 months based on Chu's lack of cooperation in supervised release, his escalating violations, and the danger which he posed to society as reflected in his use of a firearm in committing a robbery.
 
 
 7
 At the sentencing hearing, the district court made repeated statements acknowledging that Sec. 7B1.4(a) recommended a sentence of 12 to 18 months. The district judge also specifically questioned the probation officer as to why she believed the judge should impose a harsher sentence than the guidelines recommended. Finally, in imposing the sentence, the district court elaborated at some length on its reasons for choosing the maximum sentence. All of these facts make it quite clear that the district court considered Chapter 7's policy statement in deciding which sentence to impose. "Having [done so], the court was free to reject the suggested sentencing range of to months." Forrester, 19 F.3d at 485.
 
 III
 
 8
 Appellant argues that the district court's reasons for rejecting the sentencing range recommended by Sec. 7B1.4(a) were invalid because all of the reasons cited by the district court had already been considered by the Sentencing Commission in formulating the policy statement. This argument confuses the requirement that the district court state its reasons for declining to follow a policy statement with the more stringent prerequisites for departing from a guideline.
 
 
 9
 The Sentencing Commission chose to promulgate policy statements relating to the revocation of supervised release expressly in order to provide itself and the courts with "greater flexibility" than guidelines would allow. Forrester, 19 F.3d at 484 (quoting U.S.S.G. Ch. 7, Pt. A3(a)). Accordingly, as we stated in Redman:
 
 
 10
 The district court was not required to impose the sentence suggested by the commentary's methodology. It did need to consider that methodology and it did need to give its reasons for using an alternative method. When it did those things it did enough.
 
 
 11
 35 F.3d at 441-42 (emphasis added).
 
 
 12
 Here, the district court stated its reasons for imposing a sentence different from that suggested by Sec. 7B1.4(a): it felt that Chu was a "bad risk," that his original sentence was lenient by reference to the crime, that he ignored the conditions of his supervised release on an escalating basis, that he had committed an armed crime, and that for all of these reasons, it was necessary to impose a longer sentence for the protection of society. That the Sentencing Commission may have considered some of these factors in drafting Sec. 7B1.4 is beside the point. So long as the district court took the policy statement into account, it had the discretion to reach a different conclusion than the Sentencing Commission. It was to allow this very "flexibility" that the Sentencing Commission chose to make Sec. 7B1.4 a policy statement rather than a guideline.
 
 
 13
 The district court sufficiently stated its reasons for imposing the sentence which it chose. See United States v. Lockard, 910 F.2d 542, 546 (9th Cir.1990). This was enough to justify its refusal to follow the policy statement.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Robert E. Jones, United States District Judge for the District of Oregon, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3