53 F.3d 340
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Gordon Kenneth BUYS, Defendant-Appellant.
 No. 94-10446.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 19, 1995.*
Decided April 27, 1995.
 
 Before: BROWNING, SNEED, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gordon Kenneth Buys appeals the 30-month sentence imposed upon revocation of his term of probation. Buys contends the district court erred, first by failing to consider the probation revocation policy statements in U.S.S.G. Sec. 7B1.4 before imposing sentence, and second, by departing from the Guidelines without providing notice and reason. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Buys contends the district court failed to consider the probation revocation policy statements before imposing sentence. Originally, Buys pleaded guilty to being a felon in possession of firearms. A 30-37 months Guidelines range was available when Buys was initially sentenced, but the court departed downward to a 60-month term of probation. Upon revocation of probation, the policy statement Guidelines range was 6-12 months. See U.S.S.G. Sec. 7B1.4, p.s. The district court, however, sentenced Buys to 30-month term of imprisonment, the low end of guidelines range available at the initial sentencing.
 
 
 4
 We review de novo the district court's construction and interpretation of the Sentencing Guidelines. United States v. Baclaan, 948 F.2d 628, 630 (9th Cir.1991) (per curiam).
 
 
 5
 Prior to its September 1994 amendment, 18 U.S.C. Sec. 3565(a)(2) provided the district court may "revoke a sentence of probation and impose any other sentence that was available under subchapter A at the time of the initial sentencing." 18 U.S.C. 3565(a)(2). In determining the particular sentence to be imposed, the district court shall consider any pertinent policy statements that were in effect at the time the defendant was initially sentenced. United States v. Forrester, 19 F.3d 482, 484 (9th Cir.1994).
 
 
 6
 Here, the district court did not specifically state it had considered the Chapter 7 probation revocation policy statements. The district court record indicates, however, the court was aware of its option to sentence Buys under U.S.S.G. Sec. 7B1.4. The probation revocation disposition report outlined the sentencing options available to the court, including the original Sentencing Guidelines range and the Chapter 7 policy statement range.
 
 
 7
 Although the revocation disposition report incorrectly stated that the Chapter 7 policy statement would not apply and Buys would be subject to the original custody range, the district court did not rely upon this statement in imposing sentence. In fact, the court agreed with Buys that the law allowed the court to impose any sentence that was available at the time of the initial sentencing.
 
 
 8
 The district court also stated it had "received and read" Buys' sentencing memorandum which argued that the court must consider the policy statements in U.S.S.G. Sec. 7B1.4. In opting to impose a sentence from the original guidelines range, however, the court stated that Buys had flagrantly violated the conditions of his probation. The district court also noted that Buys had previously "absconded on probation" on a state sentence, and simply did not respond to institutional efforts to "keep him in line." Thus, it is apparent the district court considered the record, which included both the statutory and policy statement sentencing options, before it imposed sentenced. Accordingly, the district court was free to reject the suggested Guidelines sentencing range and impose the statutory sentence which was available at the initial sentencing. See Forrester, 19 F.3d at 484-85.
 
 
 9
 Buys also contends the district court improperly departed from the Guidelines without providing a reason or notice of imposing the higher statutory sentence of 30 months. He argues the U.S.S.G. Sec. 7B1.4 probation revocation policy statements are binding on the district courts, absent reasons for departure. Buys contention lacks merit.
 
 
 10
 We have held that the district court is not required to follow Chapter 7's policy statements when imposing sentence upon revocation of probation. See id., at 484-85 (noting that the district court was free to reject suggested range of 3 to 6 months and impose a 33-month sentence upon revocation of probation when original sentence was result of downward departure). Accordingly, Buys' sentence was not a result of a departure which required that the district court follow departure procedures.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3