59 F.3d 176
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Dennis Lee BREZO, Jr., Defendant-Appellant.
 No. 94-30408.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1995.*
Decided June 12, 1995.
 
 Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dennis Lee Brezo, Jr. appeals his sentence of 24 months imposed upon revocation of his supervised release. Brezo was originally sentenced to 18 months of incarceration followed by 3 years of supervised release after pleading guilty to possession with intent to distribute cocaine, a Class C felony. Brezo contends that the district court erred by sentencing him to the maximum sentence authorized by statute rather than the range of 3 to 9 months recommended by U.S.S.G. Sec. 7B1.4(a). We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 The legality of a sentence is reviewed de novo. United States v. DeSalvo, 41 F.3d 505, 511 (9th Cir.1994). However, a sentence within the statutory limits is reviewed only for abuse of discretion. Id.
 
 
 4
 Upon revocation of supervised release, a defendant may not be required to serve more than two years in prison if his original criminal conduct constitutes a Class C felony. See 18 U.S.C. Sec. 3583(e)(3). The Sentencing Guidelines recommend a sentencing range based upon the defendant's grade of violation and his criminal history category at the time of his original sentence. See U.S.S.G. Sec. 7B1.4(a), p.s. Nevertheless, the policy statements in Chapter 7 of the Sentencing Guidelines are not binding on the district court. See United States v. Forrester, 19 F.3d 482, 484 (9th Cir.1994) (sentencing upon revocation of probation). The district court may reject the suggested sentencing range after considering the policy statements. See id. at 484-85; see also 18 U.S.C. Secs. 3553(a), 3583(e) (factors district court shall consider before it imposes a sentence upon revocation).
 
 
 5
 The district court found that Brezo violated his supervised release terms by committing assault, harassment, and criminal mischief, a Grade C violation. At the revocation hearing, the district court discussed at some length its reasons for choosing the maximum sentence, such as Brezo's credibility, his criminal history, and his repeated and escalating violations. See 18 U.S.C. Secs. 3553(a), 3583(e). Further, the district court recognized that Chapter 7 policy statements must be considered and did consider them. "Having considered the policy statements of Chapter 7, the [district] court was free to reject the suggested sentence range of 3 to 9 months." Forrester, 19 F.3d at 485. We conclude that the district court did not abuse its discretion when sentencing Brezo to 24 months, authorized by 18 U.S.C. Sec. 3583(e)(3). See DeSalvo, 41 F.3d at 511.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3