66 F.3d 337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Fernando ROBINSON-AMADOR, Defendant-Appellant.
 No. 94-10487.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 13, 1995.*
Decided Sept. 13, 1995.
 
 Before: HALL, WIGGINS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Fernando Robinson-Amador appeals the 18 month sentence imposed upon the revocation of his term of supervised release. Robinson-Amador argues that the district court erred in determining that his admitted use of cocaine, as evidenced by "dirty" urine samples, constituted a Grade A violation as defined in U.S.S.G. Sec. 7B1.1(a)(1)(ii) when his offense was actually a less serious Grade C violation under U.S.S.G. Sec. 7B1.1(a)(3). Robinson-Amador contends that although U.S.S.G. Sec. 7B1.4(a) sets the penalty for Grade C violations at 3-9 months, he is subject to a mandatory minimum penalty of "not less than one-third of the term of supervised release" pursuant to 18 U.S.C. 3583(g). Because his original term of supervised release was 36 months, Robinson-Amador argues that the district court should have sentenced him to a maximum of twelve months imprisonment pursuant to U.S.S.G. Sec. 7B1.4(b)(2), which provides that "[w]here the minimum term of imprisonment required by statute ... is greater than the maximum of the applicable range, the minimum term of imprisonment ... shall be substituted for the applicable range." We reverse and remand for resentencing.
 
 DISCUSSION
 
 3
 Under U.S.S.G. Secs. 7B1.1(a)(1)(ii) and 7B1.4(a) (Nov. 1993), a Grade A violation, defined as "a controlled substance offense," merits a term of imprisonment of 12-18 months. The commentary to Sec. 7B1.1, provides, in pertinent part, that a controlled substance offense includes "the possession of a controlled substance ... with intent to manufacture, import, export, distribute, or dispense" as defined in U.S.S.G. Sec. 4B1.2(2). See U.S.S.G. Sec. 7B1.1, comment. (n. 3) (Nov. 1993).
 
 
 4
 The government does not contend that Robinson-Amador's positive urine samples evidence an intent to "manufacture, import, export, distribute, or dispense" cocaine. Nor does the government disagree that personal use of a controlled substance is an offense entirely distinct from distribution of a controlled substance. See 18 U.S.C. Sec. 841(a)(1) (criminalizing manufacture, distribution, or possession of controlled substance with "intent to manufacture, distribute, or dispense"); 18 U.S.C. Sec. 844 (setting forth penalty for simple possession).[1] The government's sole argument is that because Chapter 7 of the Sentencing Guidelines contains only nonbinding policy statements, the district court had no obligation to consider the correct policy statement.
 
 
 5
 In general, policy statements interpreting Sentencing Guidelines are binding on federal courts. United States v. Forrester, 19 F.3d 482, 483 (9th Cir.1994) (discussing Stinson v. United States, 113 S.Ct. 1913, 1917 (1993) and Williams v. United States 112 S.Ct. 1112 (1992)). However, unlike the policy statements contained in Chapters 4 and 5 which interpret specific guidelines and are an integral part of the Guidelines themselves, Chapter 7 "does not purport to interpret a guideline." Id. We have therefore recently stated that Chapter 7 policy statements, while they must be considered prior to sentencing, are not binding. Forrester, 19 F.3d at 484 (Skopil, J. concurring). See also United States v. Baclean, 948 F.2d 628, 631 (9th Cir.1991) (citing 18 U.S.C. Sec. 3553(a)(5)) (in imposing sentence, district court required to consider "any pertinent policy statement issued by the Sentencing Commission ... in effect on the date the defendant is sentenced.")
 
 
 6
 Robinson-Amador contends that Chapter 7 policy statements have binding effect in the context of supervised release violations. He distinguishes Forrester on the grounds that (1) Forrester addressed probation rather than supervised release and (2) the Forrester court's holding was based on the alleged inconsistencies between Chapter 7 and 18 U.S.C. Sec. 3565, whereas there is no such inconsistency in the present case. This argument is unpersuasive. In promulgating Chapter 7, the Sentencing Commission specifically noted that it chose policy statements rather than guidelines because policy statements would provided "greater flexibility" and "allow[ ] for the identification of any substantive or procedural issues that require further review." U.S.S.G. Ch. 7 Pt. A1, A3(a). These comments apply equally to probation and supervised release violations. Id. Contrary to Robinson-Amador's argument, Chapter 7 policy statements have only an advisory effect in the context of a supervised release violation. See United States v. Carper, 24 F.3d 1157, 1158 n. 1 (9th Cir.1994) (citing Forrester, 19 F.3d 482) (stating, in context of supervised release case, that Chapter 7 policy statements are not mandatory). The district court was thus required only to consider the Chapter 7 policy statements. Implicit in this rule, however, is the requirement that the court consider the correct policy statement before rejecting it. See Baclaan, 948 F.2d at 631 (emphasis added) (court must consider "any pertinent policy statement issued by the Sentencing Commission"). This the court failed to do.
 
 
 7
 In the present case, the district court erroneously accepted the probation department's recommendation that the court find that Robinson-Amador's cocaine use was a Grade A violation. The record contains no evidence that defendant had any intent to distribute cocaine, and, as previously stated, the government does not argue to the contrary. Robinson-Amador is thus correct in contending that his cocaine use was a misdemeanor under 18 U.S.C. Sec. 844 and that his supervised release violation was, consequently, only a Grade C violation meriting a 3-9 month sentence. See United States v. Brown, 761 F.2d 1272, 1278 (9th Cir.1985) ("Possession of cocaine for personal use is only a misdemeanor [under 21 U.S.C. Sec. 844].") Although not required to follow it, the district court was required to at least consider this policy statement before sentencing Robinson-Amador.
 
 
 8
 Robinson-Amador points out that in spite of the 3-9 month range specified in Chapter 7, he is subject to a mandatory minimum sentence of 12 months under 18 U.S.C. Sec. 3583(g) because his original term of supervised release was 36 months. See 18 U.S.C. Sec. 3583(g) (1988) (if defendant possesses a controlled substance, "the court shall terminate the term of supervised release and require the defendant to serve in prison not less than one-third of the term of supervised release.")[2] We note, however, that an amendment effective September 13, 1994 completely revised 18 U.S.C. Sec. 3583(g). See 18 U.S.C.A. Sec. 3583(g) (Supp.1995). The amendment favors defendants by eliminating the mandatory minimum provision and imposing a maximum term of two years imprisonment upon revocation of supervised release where, as here, the underlying offense is a Class C felony.[3] See 18 U.S.C. Sec. 3559(a)(3) (defining Class C felony as felony for which maximum authorized term of imprisonment is less than 25 years but 10 or more years); 21 U.S.C. Sec. 841(b)(1)(C) (specifying maximum term of 20 years imprisonment for distribution of controlled substance). The district court's judgment revoking defendant's supervised release and sentencing him to 18 months imprisonment was filed on September 13, 1994--the very date on which the amendment to Sec. 3583(g) became effective.[4] Thus, the district court was not required to impose a statutory minimum. The court was permitted, pursuant to Sec. 3583(g), to impose any sentence up to a maximum of two years, provided it first considered the 3-9 month range specified in U.S.S.G. Sec. 7B1.4. See United States v. Cohen, 965 F.2d 58, 61 (6th Cir.1992) (district court properly resentenced defendant upon revocation of supervised release where it considered, but rejected, policy statements in Chapter 7 and imposed a sentence within the statutory maximum); United States v. Headrick, 963 F.2d 777, 782 (5th Cir.1992) (same). We therefore reverse and remand to permit the district court to consider the correct range of imprisonment under U.S.S.G. Sec. 7B1.4 and 18 U.S.C. Sec. 3583(g).
 
 
 9
 REVERSED AND REMANDED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Guidelines leave to the district court's discretion the determination whether evidence of drug usage established solely by laboratory analysis constitutes possession of a controlled substance. U.S.S.G. Sec. 7B1.4, comment (n. 5) (Nov. 1993)
 
 
 [2]
 Based on U.S.S.G. Sec. 7B1.4(b)(2), which provides that "[w]here the minimum term of imprisonment required by a statute, if any, is greater than the maximum of the applicable range, the minimum term ... shall be substituted for the applicable range," Robinson-Amador argues that the district court should have sentenced him to a maximum of 12 months imprisonment. U.S.S.G. Sec. 7B1.4(b)(2) (emphasis added). This argument is unpersuasive. District courts are only required to consider applicable Chapter 7 policy statements. See Baclaan, 948 F.2d at 631 (remanding to allow district court to consider U.S.S.G. Sec. 7B1.4(b)(2) on resentencing)
 
 
 [3]
 The pre-amendment version of Sec. 3583(g) also imposed a maximum term of two years imprisonment upon revocation of supervised release where the original offense was a Class C felony
 
 
 [4]
 Robinson-Amador's notice of appeal erroneously reflects that the district court's judgment was entered on September 6, 1994. [ER 1]