**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Angelo REDMOND, Defendant–Appellant.**

**No. 94–30436.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 19, 1995.*

Decided Oct. 31, 1995.

Kenneth Lerner, Gordon, Mckeon & Reeves, Portland, Oregon, for defendant-appellant.

---

* The panel unanimously find this case suitable for decision without oral argument.   Fed.R.App.P. 34(a) and Ninth Circuit Rule 34–4.

Michael J. Brown, Assistant United States Attorney, Portland, Oregon, for plaintiff-appellee.

Before: WALLACE, Chief Judge, D.W. NELSON, BRUNETTI, Circuit Judges.

D.W. NELSON, Circuit Judge:

Appellant Angelo Redmond seeks review of the district court's order on remand from this court revoking his probation and sentencing him to thirty-three months imprisonment. On June 9, 1992, a grand jury in the District of Oregon returned an indictment against Angelo Redmond and two other individuals. As part of an agreement with the government, Redmond pleaded guilty to one count in the indictment, which charged that he had knowingly distributed a substance containing cocaine base in violation of 21 U.S.C. § 841(a)(1).

The government, in turn, recommended that in sentencing Redmond, the district court depart downward from the thirty-three to forty-one month prison sentence prescribed by the sentencing guidelines and instead impose a sentence of probation because of Redmond's "extraordinary physical impairment." Redmond suffers from sarcoidosis, a disease which has caused the collapse of one of his lungs, leading to generalized weakness and fatigue. Although the Presentence Report concluded that Redmond's medical condition is not serious enough to warrant downward departure, the district court followed the recommendation of the government, departing downward because of Redmond's medical condition, pursuant to U.S.S.G. § 5H1.4.[1]

The court imposed on Redmond a three-year term of probation with certain standard and special conditions attached, including a requirement that he participate in a substance abuse treatment program that might conduct regular urinalysis to test for drug use. In August 1993, Redmond's probation officer petitioned the court to issue a summons requiring Redmond to show cause why his probation term should not be revoked, alleging that several of Redmond's urinalyses had tested positive for the presence of cocaine. At a hearing in October 1993, Redmond admitted that he had violated the terms of his probation by using cocaine on one occasion. On this basis, the court revoked Redmond's probation and imposed a sentence of thirty-three months imprisonment, pursuant to 18 U.S.C. § 3565(a)(2).[2] On appeal, we remanded to the district court for resentencing in light of United States v. Granderson, — U.S. —, 114 S.Ct. 1259, 127 L.Ed.2d 611 (1994), which the Supreme Court decided during the pendency of Redmond's appeal. In November 1994, the district court resentenced Redmond to thirty-three months imprisonment. Redmond now appeals from that order. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We review the legality of a sentence de novo. United States v. Guzman–Bruno, 27 F.3d 420, 422 (9th Cir.1994). We affirm.

## I. UNITED STATES v. GRANDERSON

Redmond argues that the sentence imposed by the district court is excessive because United States v. Granderson, — U.S. —, 114 S.Ct. 1259, 127 L.Ed.2d 611

---

1. U.S.S.G. § 5H1.4. provides in relevant part: Physical condition ... is not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range. However, an extraordinary physical impairment may be a reason to impose a sentence below the applicable guideline range....

2. Prior to its amendment in 1994, 18 U.S.C. § 3565 provided in relevant part:
   (a) If a defendant violates a condition of probation at any time prior to the expiration or termination of the term of probation, the court may ...

   (2) revoke the sentence of probation and impose any other sentence that was available under Subchapter A at the time of the initial sentencing.
   *Notwithstanding any other provision of this section, if a defendant is found by the court to be in possession of a controlled substance ... the court shall revoke the sentence of probation and sentence the defendant to not less than one third of the original sentence.* [Hereinafter, this italicized section of § 3565 will be referred to as the "drug possession proviso"]

(1994), prohibits the district court from sentencing him to a term of more than six months, which is the maximum prison sentence allowing probation under the sentencing guidelines. However, *Granderson* does not control this case for two reasons. First, *Granderson* construes the drug possession proviso rather than the provision under which the district court resentenced Redmond, 18 U.S.C. § 3565(a)(2). Second, the footnote on which Redmond relies is dictum.

In *Granderson*, the Court addressed the proper interpretation of the term "original sentence" in the drug possession proviso of 18 U.S.C. § 3565, requiring that if a person on probation possesses illegal drugs, the court must "revoke the sentence of probation and sentence the defendant to not less than one-third of the original sentence." —— U.S. at ——, ——, 114 S.Ct. 1259, 1261 (1994). The government argued that "original sentence" referred to the term of probation originally imposed upon the defendant. *Id.* The defendant asserted that "original sentence" was the prison sentence that could have been imposed under the sentencing guidelines when the defendant was initially sentenced. *Id.* at ——, 114 S.Ct. at 1263–64. The Court adopted the defendant's position, reasoning that the rule of lenity should apply in construing the proviso because Congress adopted it hastily and drafted it vaguely. *Id.* at ——, 114 S.Ct. at 1269.

In a footnote, the Court noted that because the drug possession proviso was vague, the rule of lenity would also apply where the court had departed downward to impose probation. In that case, the minimum sentence imposed upon revocation of probation for drug possession would be one-third of the maximum of a guidelines range permitting a sentence of probation. *Id.* at ——, 114 S.Ct. at 1269 n. 15. Redmond argues that the *Granderson* footnote also implicitly places an upper limit on the prison sentence which may be imposed when the district court revokes probation by limiting the sentence to the maximum sentence under the guidelines allowing probation, in this case, six months.

Because Redmond was not sentenced under the drug possession proviso, but rather, under § 3565(a)(2), his argument lacks merit.

Whereas the term "original sentence" in the drug possession proviso is vague and therefore should be construed in accordance with the rule of lenity, § 3565(a)(2) is not vague. Section 3565(a)(2) allows the court to revoke probation when a condition of probation has been violated and impose "any other sentence that was available under subchapter A at the time of the initial sentencing." 18 U.S.C. § 3565(a)(2). We have held that this may include any sentence that was available to the district court before it decided to depart downward to grant probation. *United States v. Forrester*, 19 F.3d 482, 483–84 (9th Cir.1994). Thus, the district court did not err in imposing under § 3565(a)(2) the thirty-three month sentence on Redmond that was available to it before it decided to depart downward.

Further, even if the district court is effectively revoking Redmond's probation because of drug possession, thus invoking the drug possession proviso of § 3565, this court chooses not to adopt the dictum in the *Granderson* footnote concerning downward departure. To do so would give rise to the anomalous result that in cases involving downward departure, if the court revoked probation for violation of a condition unrelated to drug possession, it could impose a sentence available **before** the court decided to depart downward whereas, if the violation were drug possession, the court would be limited to the maximum sentence that would have been available **after** the court decided to depart downward.

Thus, the district court correctly concluded that *Granderson* does not limit the prison sentence that may be imposed on Redmond to six months.

## II. REDMOND'S SENTENCE AND THE CHAPTER 7 POLICY RECOMMENDATIONS IN THE SENTENCING GUIDELINES

Redmond further argues that the district court is bound by Chapter 7 of the sentencing guidelines, which recommends a three to nine month prison term for a violation such as his. This argument was directly rejected in *Forrester*, 19 F.3d at 484. In *Forrester*, the court held that although the

district court is required to consider the policy recommendations of Chapter 7, it is not bound by them if the recommendation conflicts with § 3565(a)(2). *Id.* Thus, although Chapter 7 recommended a prison term of three to nine months for the defendant in that case when his probation was revoked, the district court could impose instead the thirty-three month prison sentence initially available to the court before departing downward to impose a term of probation, pursuant to § 3565(a)(2). Here, as in *Forrester,* the district court could properly impose a sentence of thirty-three months on Redmond when it revoked his probation, even though Chapter 7 recommends a three to nine month prison term.

## III. FACTUAL FINDINGS CONCERNING REDMOND'S HEALTH

■ Redmond argues that the district court may not rescind his downward departure without making new findings of fact explaining why his medical condition, on which the departure was based, no longer warrants downward departure. Neither § 3565(a)(2) nor our cases impose such a requirement. On the contrary, the plain language of the statute indicates that Congress intended to give district court judges the discretion to impose *any* sentence that they could have imposed at the original sentencing. Thus, the district court did not err in denying Redmond a downward departure when it revoked his probation and imposed a thirty-three month prison sentence.

AFFIRMED.