103 F.3d 143
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Lamont WHITE, Defendant-Appellant.
 No. 96-30055.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 17, 1996.
Decided Nov. 6, 1996.
 
 Before: WRIGHT, SCHROEDER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 James Lamont White violated the terms of his supervised release by testing positive for marijuana and failing to report for further testing. After a hearing, the district court revoked White's supervised release and sentenced him to 24 months' confinement. White appeals his sentence as being in excess of that permitted by the Sentencing Guidelines, and also alleges his right to due process of law was violated by the sentencing judge's refusal to hear proffered mitigation testimony from members of White's family.[1]
 
 The Sentencing Guidelines
 
 3
 A district court's interpretation and application of the Sentencing Guidelines are reviewed de novo. United States v. Shaw, 91 F.3d 86, 88 (9th Cir.1996). See also United States v. Carpenter, 91 F.3d 1282, 1283 (9th Cir.1996) (legality of a sentence is reviewed de novo ).
 
 
 4
 Chapter 7 of the United States Sentencing Guidelines sets out policy statements governing the range of imprisonment to be imposed upon revocation of probation or supervised release. At the time of White's sentencing on January 12, 1996, case law in the Ninth Circuit held that these policy statements were merely advisory, not binding. United States v. Forrester, 19 F.3d 482 (9th Cir.1994). Under Forrester, after a sentencing court considered the policy statements, it was free to disregard them and sentence a defendant up to the maximum otherwise authorized by the revocation statute. Id. at 485. The probation officer's recommendation so advised the sentencing judge, and it appears the judge followed this approach, sentencing White to two years, the maximum allowed by 18 U.S.C. § 3583(e), without making any reference to the guidelines or policy statements.
 
 
 5
 Forrester, however, was decided on March 25, 1994, before the September 13, 1994 amendments to 18 U.S.C. § 3553. The 1994 amendments added a new subsection to § 3553(a)(4) which specifically directed courts, "in the case of a violation of probation or supervised release," to consider the applicable policy statements. 18 U.S.C. § 3553(a)(4)(B) (1994). Because § 3553(a)(4) now specifically mentions policy statements, and because the ranges referred to in § 3553(a)(4) are made binding upon sentencing courts by § 3553(b), the Chapter 7 policy statements are now "independently mandatory." United States v. Plunkett, 94 F.3d 517, 519 (9th Cir.1996). However, the Plunkett court concluded that because § 3553(a)(4)(B) as amended refers to the "guidelines or policy statements" in the disjunctive, a court may sentence within either the policy statement range or the guidelines range for the original offense.[2] Id.
 
 
 6
 The Plunkett decision was originally handed down on January 24, 1996, twelve days after White was sentenced. Because this is a direct appeal, Plunkett must be given retroactive effect. See Griffith v. Kentucky, 479 U.S. 314, 328, 107 S.Ct. 708, 716 (1987). We therefore vacate and remand for resentencing consistent with Plunkett.
 
 White's Mitigation Testimony
 
 7
 At the revocation hearing, White's counsel offered testimony from members of White's family regarding White's efforts at finding employment and leaving behind his gang connections. The court refused to hear the testimony. White argues that the refusal violated his right to due process.
 
 
 8
 Fed.R.Crim.P. 32.1(a)(2) provides that at a revocation hearing, a defendant "shall be given: ... (C) an opportunity to appear and to present evidence in [his] own behalf." The rule is based on Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593 (1972), where the Supreme Court held that the minimum requirements of due process at a revocation hearing include "(c) opportunity to be heard in person and to present witnesses and documentary evidence." Id. at 489, 92 S.Ct. at 2604 (emphasis added). See Rule 32.1 advisory committee notes. Following Morrissey, this Court has required that defendants in revocation proceedings be afforded "a full hearing, at which [defendant] must be permitted to present witnesses and evidence in mitigation of the violation and to argue in support of a lesser punishment than his full suspended sentence." United States v. Diaz-Burgos, 601 F.2d 983, 985 (9th Cir.1979); accord United States v. Ferguson, 624 F.2d 81, 83 (9th Cir.1980). White was entitled to present witnesses at his revocation hearing, under both Rule 31.2 and the Due Process Clause.
 
 
 9
 Because remand for resentencing is required, we need not reach White's other due process claims. The sentence is VACATED and the case REMANDED for resentencing consistent with this decision. The Chief Judge of the District Court will reassign the case.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit R. 36-3
 
 
 [1]
 For the reasons discussed herein, we need not reach White's other due process claims
 
 
 [2]
 White's Chapter 7 range is 6-12 months. See U.S.S.G. § 7B1.4(a) p.s. (Nov. 1995). The guidelines range for his original offense was 15-21 months